Dye, J.
In this appeal by permission of the Appellate Division, Second Department, we are asked to review an order made in this action pursuant to rule 109 of the Rules of Civil Practice, which granted plaintiffs’ motion to strike out defendants’ affirmative defense and denied defendants’ cross motion to dismiss plaintiffs’ second amended complaint.
Briefly, the amended complaint alleges that the plaintiff, Mary Connors, a domestic in the employ of the defendants, was injured when she fell from a stepladder on which she was standing while cleaning a storm window on the outside of her employer’s private residence; that the injury so suffered was due solely to the defendants’ violation of section 240 of the Labor Law in that the ladder so furnished was “ too short ” and was “ not equipped with proper bracing or support or any other device to prevent it from tipping ”. The plaintiff, John Connors, is suing for derivative relief, reimbursement for hospitalization, loss of services, companionship, etc.
The defendants’ answer generally denied all allegations of liability and affirmatively alleged that the injuries suffered by plaintiff Mary Connors “ were caused by her own negligence ”.
Whether a householder comes within the coverage of section 240 has never been definitely answered in the courts of this State. The question was referred to but not reached in Kluttz v. Citron (2 N Y 2d 379), since the plaintiff’s proof failed to establish an employer-employee relationship.
The statutory language of section 240 makes no reference to householders or domestics as such, nor does it mention outside *174 window cleaning of private dwellings as a covered employment. The statutory words ‘ ‘ A person employing or directing another to perform labor of any kind in the * * * cleaning * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed * * * as to give proper protection to a person so employed or directed”— standing by themselves and without more — should not be separated from context in order to create a liability which is clearly not contemplated when such words are read in the light of the whole enactment. When so done, it is significant to note that section 240 is found in article 10 of the Labor Law, which relates to ‘ ‘ Building construction, demolition and repair work ”. It represents the culmination of a long legislative effort to provide safety and protection for persons using “ Scaffolding and other devices ”. The initial legislation on the subject was enacted in chapter 314 of the Laws of 1885 under the title “An Act for the protection of life and limb ” and, by its provisions, it imposed a liability upon a person employing or directing another to do or perform any labor ‘ ‘ in the erection, repairing, altering or painting of any house, building or other structure * * * who shall knowingly or negligently furnish and erect * * * improper scaffolding * * * as will not give proper protection to the life and limb of any person so employed or engaged” (emphasis supplied). Subsequent amendments related to scaffolding more than 20 feet above the ground (L. 1891, ch. 214), inspection by the police commissioner of scaffolding and devices (L. 1892, ch. 517); chapter 415 of the Laws of 1897 (§ 18) omitted the words “knowingly or negligently ”, imposing in place thereof the absolute duty of making the structure safe and suitable in order “ to give proper protection to the life and limb of a person so employed or engaged ”.
In 1930, section 240 was again amended to apply to persons engaged in the demolition of buildings, which hazardous work had not theretofore been covered. This amendment was followed in 1947 by amendments to sections 240, 241 and 241-a of the Labor Law, by providing increased safety measures for the protection of workmen so engaged, without, however, increasing the lines of employment.
*175 In connection with these safety measures, it should he noted that section 240 now covers in detail various aspects of scaffolding or staging more than 20 feet from the ground or floor (subd. 2) and then goes on to provide in subdivision 3 how such scaffolding shall be constructed and in subdivision 4 imposes upon the commissioner the duty to inspect and issue his certificate that he has found “ the same safe or unsafe ” as the case may be, and, if unsafe, the procedure to be taken to insure nonuse, all of which are circumstances and conditions not normally considered as applying to work performed by a domestic in the usual course of her duties. It follows, as a matter of logic and common sense, that the word “ cleaning ” as used in context, has reference to the “ cleaning ” incidental to building construction, demolition and repair work and not to the cleaning of the windows of a private dwelling by a domestic. This interpretation is reinforced by the circumstance that the Legislature dealt with window cleaning as a separate matter by enacting section 202 of the Labor Law for the express purpose of providing for the ‘ ‘ Protection of persons engaged at window cleaning ” in public buildings, without, however, making any reference to dwellings, but which we nonetheless construed as including an apartment house, a type of structure far removed from the concept of a private house (Pollard v. Trivia Bldg. Corp., 291 N. Y. 19). It seems reasonable to suppose that, had the Legislature intended to extend the absolute liability of section 240 to a householder for the purpose of protecting a domestic engaged in cleaning the windows of his dwelling, it would have said so in words to that effect somewhere in the language of section 202 or section 240.
The order appealed from should be reversed and the orders of Special Term reinstated, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.
Chief Judge Conway and Judges Desmond, Fuld, Froessel, Van Voorhis and Burke concur.
Order reversed, etc.