■ John M. Hariaczyi et al., Respondents, v Leo Piotrowski et al., Individually and Doing Business as Piotrowski Builders, Appellants. [661 NYS2d 581] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.

■ Shirley A. Cook et al., Appellants, v Parish Land Co., Inc., Respondent. (Appeal No. 1.) [659 NYS2d 601] —Order unanimously affirmed without costs. Memorandum: Shirley A. Cook (plaintiff), the manager of a convenience store, was injured when she fell from a stepladder while replacing a plastic advertising sign in a sign holder attached to the steel support beam of a gas island canopy. The sign was changed seasonally or quarterly and plaintiff had previously changed the sign approximately 12 to 16 times. The placement of the seasonal advertising sign does not, under the circumstances of this case, constitute "construction, excavation, or demolition work" within the purview of Labor Law § 241 (6). Therefore, we conclude that Supreme Court properly dismissed the Labor Law § 241 (6) claim. Because the work in which plaintiff was engaged was not the "repairing" or "altering" of a "building or structure" (Labor Law § 240 [1]), but rather was routine maintenance in a non-construction, non-renovation context, the court also properly dismissed the Labor Law § 240 (1) claim. Finally, there is no evidence that defendants supervised or directed the task of replacing the sign, and we conclude, therefore, that no liability may be imposed under the common law or Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout*, 80 NY2d 290, 295). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.