■ SERGIO A. RETAMAL, Appellant, v MIRIAM OSBORNE ME-MORIAL HOME ASSOCIATION, Defendant and Third-Party Plaintiff-Respondent. BENEATH YOUR SOLE, INC., Third-Party Defendant-Respondent. [682 NYS2d 409] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 7, 1997, as denied his motion for summary judgment on his causes of action under Labor Law §§ 200, 201, 240, and 241, and granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint and the cross motion of the third-party defendant, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provisions thereof which granted those branches of the cross motions which were for summary judgment dismissing the cause of action under Labor Law § 240 (1) and substituting therefor provisions denying those branches; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and so much of the complaint as asserted a cause of action under Labor Law § 240 (1), and the third-party complaint, are reinstated.

The plaintiff, Sergio A. Retamal, was employed by the third-party defendant Beneath Your Sole, Inc. (hereinafter Beneath Your Sole), as a window washer. The defendant third-party plaintiff Miriam Osborne Memorial Home Association (hereinafter the Association) operates a retirement home consisting of both a residential facility and a skilled nursing facility. The Association owns a single structure, five-story dwelling located at 101 Theall Road, Rye.

On or about October 28, 1994, the plaintiff appeared at the retirement facility to clean its exterior windows pursuant to a maintenance agreement between Beneath Your Sole and the Association. The plaintiff was injured during the course of his employment when he allegedly slipped from an exterior second-story window ledge.

The plaintiff commenced the instant action against the Association asserting liability pursuant to Labor Law §§ 200, 201, 202, 240, and 241. The Association commenced a third-party

action against Beneath Your Sole for contribution and indemnification. Upon completion of discovery, all the parties moved for summary judgment. The Supreme Court denied the plaintiff's motion for summary judgment and granted the respective cross motions, *inter alia*, for summary judgment dismissing the complaint. We now modify.

As the plaintiff correctly concedes, the Labor Law § 202 cause of action was properly dismissed since the site of the plaintiff's accident is a multiple dwelling consisting of five stories and the statute exempts multiple dwellings of less than six stories from its scope.

We agree, however, with the appellant's contention that Labor Law § 240 is applicable to claims by professional window washers who are injured as a result of elevation-related risks while cleaning the exterior windows of a multiple-story building (*see, Rivers v Sauter,* 26 NY2d 260; *Koenig v Patrick Constr. Corp.,* 298 NY 313). We conclude that the limitations in the applicability of Labor Law § 240 apply only in truly domestic situations and not to the instant situation where an owner of a building contracts for window washing services (*cf., Brown v Christopher St. Owners Corp.,* 87 NY2d 938; *Connors v Boorstein,* 4 NY2d 172). Labor Law § 202 does not preempt the plaintiff's cause of action under Labor Law § 240 (*see, Williamson v 16 W. 57th St. Co.,* 256 AD2d 507 [decided herewith]). Although the plaintiff may assert a cause of action pursuant to Labor Law § 240, summary judgment on the issue of liability under that section should not be granted since a question of fact exists as to the manner in which the subject accident occurred (*see, Groves v Land's End Hous. Co.,* 80 NY2d 978; *Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452).

The Supreme Court properly dismissed the plaintiff's remaining causes of action. The Labor Law § 200 and common-law negligence causes of action were properly dismissed since there was no showing that the Association maintained any direction or control over the safety aspects of the workplace or the manner in which the plaintiff performed his tasks (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Charles v City of New York,* 227 AD2d 429). Likewise, the Supreme Court properly dismissed the plaintiff's Labor Law § 241 (6) cause of action as the record establishes that the plaintiff was not involved in the construction or demolition of the building or in any excavation associated therewith (*see, Jock v Fien,* 80 NY2d 965, 968; *Phillips v City of New York,* 228 AD2d 570, 571). Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.