■ FLORINDO FERREIRA, Appellant, v UNICO SERVICE CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants, et al., Third-Party Defendant. [692 NYS2d 445] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated June 30, 1998, which denied his motion for leave to amend the bill of particulars.

Ordered that the order is modified by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include alleged violations of the Industrial Code (12 NYCRR 23-1.7, 23-1.15) in support of his cause of action predicated on Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, a foreman employed by the third-party defendant Debut Concrete Construction Corporation, was laying cement over gasoline tanks which had been installed underground at a gas station work site. While the plaintiff was "brooming" the cement, he fell approximately four feet into a hole in one of the tanks which was left uncovered.

It was an improvident exercise of discretion to deny that branch of the plaintiff's motion which was for leave to amend the bill of particulars to include alleged violations of the Industrial Code (12 NYCRR 23-1.7, 23-1.15) in support of his cause of action predicated on Labor Law § 241 (6) (*see, Gusmerotti v Martocci,* 169 AD2d 813; *cf., Ross v Curtis-Palmer Hydro-*

*Elec. Co.,* 81 NY2d 494). When no prejudice or unfair surprise exists, leave to amend pleadings, or to supplement a bill of particulars, should be liberally granted (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). The defendants will sustain no actual prejudice by the proposed amendment to include alleged violations of these provisions of the Industrial Code since it contains no new factual allegations.

However, the Supreme Court properly denied that branch of the motion which was to amend the bill of particulars to include alleged violations of the Industrial Code (12 NYCRR 23-1.5) and the rules of the Occupational Safety and Health Administration in support of his cause of action predicated on Labor Law § 241 (6) inasmuch as these alleged violations do not provide a basis for liability under Labor Law § 241 (6) (*see, Vernieri v Empire Realty Co.,* 219 AD2d 593, 598). Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.