■ Roberto Gonzalez et al., Appellants, v City of New York et al., Respondents, et al., Defendants, and Aliance Mortgage Banking Corp., Defendant and Third-Party Plaintiff-Respondent. Van Wagner Communications, Third-

Party Defendant-Respondent. [703 NYS2d 259] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Polizzi, J.), dated December 16, 1998, as, upon an order of the same court dated September 25, 1998, granting the respective motions of the defendants City of New York, Markand, Ltd. d/b/a Century 21 Park Lane Realty, and Aliance Mortgage Banking Corp. for summary judgment, dismissed the plaintiffs' cause of action based on Labor Law § 240 (1).

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant City of New York; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the motion of the defendant City of New York which was for summary judgment dismissing the plaintiffs' cause of action based on Labor Law § 240 (1) is denied, and the order dated September 25, 1998, is modified accordingly, and the action against the remaining defendants is severed.

The plaintiff Roberto Gonzalez was injured when he fell from a ladder while he was gluing portions of a billboard advertisement which had begun to peel. The billboard was owned by the injured plaintiff's employer and was affixed to a train trestle owned by the City of New York (hereinafter the City). In order to complete the job, the injured plaintiff was required to work on ten separate sections of the billboard, one at a time, descending and climbing the ladder each time he moved on to another section. The ladder could not be secured to the billboard and the injured plaintiff fell when a gust of wind caused the ladder to tip over.

The Supreme Court erred in granting summary judgment to the City, dismissing the plaintiffs' cause of action under Labor Law § 240 (1) insofar as asserted against it. The billboard is part of a structure owned by the City (see, Izrailev v Ficarra Furniture, 70 NY2d 813; Buckley v Radovich, 211 AD2d 652) and thus it is not immune from the statutory liability under Labor Law § 240 (1) that is largely predicated upon ownership (see, Kowalska v Board of Educ., 260 AD2d 546). Moreover, the City did not establish, as a matter of law, that at the time of the accident, the injured plaintiff was engaged in routine maintenance of the billboard.

However, the Supreme Court correctly dismissed the Labor Law § 240 (1) cause of action insofar as asserted against the

defendants Markand Ltd. d/b/a Century 21 Park Lane Realty and Aliance Mortgage Banking Corp., whose advertisements were on the billboard, as these defendants lacked the requisite proprietary or possessory interest in the billboard (*see, Kowalska v Board of Educ., supra; cf., Lombardi v Stout,* 80 NY2d 290; *Defreece v Penny Bag,* 137 AD2d 744). Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.