JOSEPH L. HARZEWSKI, III, Appellant, v CENTENNIAL DEVELOPMENT LTD., Respondent, et al., Defendant. [705 NYS2d 153] —Order unanimously reversed on the law without costs, cross motion denied, Labor Law § 240 (1) claim reinstated and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and in granting the cross motion of defendant Centennial Development Ltd. for partial summary judgment seeking dismissal of that claim. Plaintiff was injured when he fell while cleaning the exterior windows of a two-story commercial building. While the cleaning of windows "does not include * * * routine, household window washing" (*Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939, *rearg denied* 88 NY2d 875), the statute applies where, as here, a professional window washer was hired to clean the exterior windows of a multistory building (*see, Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, 400, *affd* 78 NY2d 978; *Retamal v Osborne Mem. Home Assn.*, 256 AD2d 506, 507; *Williamson v 16 W. 57th St. Co.*, 256 AD2d 507, 509). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.)

GEORGE E. GINTHER, Appellant, v MARY O. GINTHER, Respondent. [705 NYS2d 909] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in distributing to defendant items of jewelry, art, china, silver and crystal that, pursuant to the parties' property settlement agreement, were plaintiff's separate property. We therefore reverse the order and remit the matter to Supreme Court to distribute only those items not distributed in the property settlement agreement. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Matrimonial.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.