Munoz v DJZ Realty (2003 NY Slip Op 23913)

Munoz v DJZ Realty

2003 NY Slip Op 23913 [2 Misc 3d 627]

December 10, 2003

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 14, 2004

[*1]
Larry Munoz et al., Plaintiffs,
v
DJZ Realty, LLC, Defendant and Third-Party Plaintiff. [*2]Eller Media, Third-Party Defendant.
Supreme Court, Westchester County, December 10, 2003

APPEARANCES OF COUNSEL

Craig P. Curcio, Middletown (Gordon T. Sakow of counsel), for defendant and third-party plaintiff. Ahmuty, Demers & McManus, Albertson (Frank J. Pecorelli, Jr., of counsel), for third-party defendant. Brecher, Fishman, Pasternack, Popish, Heller, Rubin & Reiff, New York City (Lloyd M. Roberts of counsel), for plaintiff.

{**2 Misc 3d at 627} OPINION OF THE COURT

John R. LaCava, J.
{**2 Misc 3d at 628}This action is brought under Labor Law §§ 200, 240 (1) and § 241 (6) for injuries sustained by plaintiff Larry Munoz on November 9, 2000 when the ladder upon which he was climbing fell to the ground. At the time of the accident, plaintiff was employed as a laborer, more precisely a "bill poster," for the third-party defendant, Eller Media. On November 9, 2000, plaintiff was sent by Eller to the one-story commercial building located at 151 Mount Vernon Avenue, Mount Vernon, New York, to affix a new prepasted billboard advertisement to one of the two 12 foot by 24 foot billboard structures located on the top of the building. The billboards are permanently affixed to the roof of the building which is owned by defendant, DJZ Realty, LLC. Plaintiff has done work at this site "about 14 times a year, if not more" (deposition transcript of Larry Munoz at 34; exhibit A to affirmation in opposition to plaintiff's cross motion and in support of the motion by defendant, DJZ Realty).
Plaintiff, who was working alone, brought to the work site various work tools and materials including a 28-foot extension ladder and a 14-foot ladder. He also brought along equipment pouches, a tool belt to hold tools, a bill poster box, and bill posters, and a stripping tool which would be used, if necessary, to strip down and tear any preexisting posters.
In order to affix a new billboard advertisement to this billboard, plaintiff had to climb approximately 18 feet up an extension ladder from the street level to the roof of the building. He would then have to climb the 14-foot ladder to reach the elevated scaffold surface. Once there, plaintiff would again use the 14-foot ladder, this time to reach the billboard to change the signage in its various stages and sections along the complete face of the billboard structure. As further testified during his deposition testimony, plaintiff would place the new bill right over the old one (exhibit A to affirmation in opposition to plaintiff's cross motion and in support of the motion by defendant, DJZ Realty; deposition transcript of Larry Munoz at 44). "[H]e would put the sheet to the face of the board, and grab . . . a sweep, which is a . . . 20-inch brush, put it up, line it up, so it's straight, and then brush it out, brush the sheet out" (id.). He would then move on to paste the other 11 bill sections to complete the advertisement.
The underlying accident took place when, after placing the two ladders side-by-side against the building, plaintiff climbed the 28-foot extension ladder with tool belt and pouch harnessed to his person, and while carrying the box filled with bill posters. Toward {**2 Misc 3d at 629}the top of the ladder, and while preparing to pull the 14-foot ladder up to the roof for later use, the ladder began to shake and slide as plaintiff began to place the box and tools upon the roof. Plaintiff, along with the ladder, then fell to the ground. The ladder was neither secured nor tied off in any way, nor was it held in place by any person or instrumentality.
"[B]egin[ning] with the threshold proposition that the special statutory protection embodied in Labor Law § 240 (1) against the dangers of elevation-related hazards in the workplace only applies to workers who, at the time of the accident, are engaged in one of the statute's enumerated activities or engaged in work sufficiently necessary and incidental to one of the enumerated activities" (LaFontaine v Albany Mgt., 257 AD2d 319, 320-321 [3d Dept 1999], lv denied 94 NY2d 751 [1999], citing Joblon v Solow, 91 NY2d 457, 465 [1998]; Lombardi v Stout, 80 NY2d 290, 295-296 [1992]; Curley v Gateway Communications, 250 AD2d 888 [3d Dept 1998]; Perchinsky v State of New York, 232 AD2d 34, 38 [1997], lv dismissed in part and denied in part 91 NY2d 830 [1997]), the court concludes that there is merit to defendant's motion to dismiss Labor Law § 240 (1) and § 241 (6) causes of action.
The "type of work the plaintiff was performing at the time of injury" (Joblon v Solow, supra at 465), or more precisely here, the type of work eventually intended to be performedpasting a bill on a billboard sign from an elevated positionis not an activity or line of employment which the Legislature has expressly chosen to be protected by the Labor Law. More precisely, such conduct neither constitutes "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]), nor does it constitute "construction, excavation, or demolition work" within meaning of Labor Law § 241 (6).
As the Court found in LaFontaine v Albany Mgt. (supra), with respect to wallpapering, bill hanging "is not, and never has been explicitly among the enumerated protected activities" (id. at 321). Furthermore, and again as with the analogous act of wallpapering, bill [*3]hanging is not "subsumed under either 'painting' or 'altering' " (id.). Bill hanging, the targeted activity, is a type of anticipated, routine, and intended decorative modification to the face of a billboard which is not done to effect a "significant physical change" to the composition or configuration of the building (Joblon v Solow, supra at 465). As such, it does not qualify as altering under the statute (id.).{**2 Misc 3d at 630}
Likewise, as in LaFontaine v Albany Mgt. (supra), there is no question that, at the time of the accident, no construction or other enumerated Labor Law § 240 (1) activity was taking place at the premises, and the bill hanging was not being performed incidental to any other enumerated activity (id.; see also Loreto v St. Johns Condominium, 196 Misc 2d 791 [Sup Ct, Kings County 2003]).
This court's construction and application of the statute and legal precedent, including LaFontaine v Albany Mgt. (supra), implements a "fair and reasonable meaning" of the statute and avoids "a construction which . . . extends . . . its provisions beyond that which was evidently intended" (LaFontaine v Albany Mgt., at 321, supra, quoting Schapp v Bloomer, 181 NY 125, 128 [1905], and citing Antes v Watkins, 112 App Div 860, 864 [1st Dept 1906]). Furthermore, it avoids "rendering superfluous the statute's specifically enumerated activities" (id., citing Joblon v Solow, supra at 464-465).
Just as with wallpapering, bill hanging
"apparently poses many of the same elevation-related hazards as painting or other activities enumerated in Labor Law § 240 (1), and, arguably, is no more a 'decorative modification' than painting . . . and perhaps is not maintenance 'of a sort different from "painting, cleaning or pointing" ' (Smith v Shell Oil Co., 85 NY2d 1000, 1002 . . .) [However,] it is distinguishable in that it was never included among the activities which the Legislature has specifically elected to absolutely protect under Labor Law § 240 (1)." (Id. at 324.)
The result reached herein would be the same even if the placement of a new bill on the billboard necessitated the use of a stripping tool to remove the old bill (see, LaFontaine v Albany Mgt., supra at 322 n 1). 
Plaintiff's section 241 (6) cause of action must also fail (see, Cook v Parish Land Co., 239 AD2d 956 [4th Dept 1997] [replacing a plastic seasonal advertising sign in a sign holder attached to a steel beam does not constitute "construction, excavation, or demolition work" within the meaning of Labor Law § 241 (6)]; see also, Casey v Niagara Mohawk Power Corp., 269 AD2d 775 [4th Dept 2000] [touch-up painting of billboard sign does not constitute construction, excavation, or demolition work under Labor Law § 241 (6)]).
The holding in Gonzalez v City of New York (269 AD2d 493 [2d Dept 2000]) does not compel a contrary result. There, the plaintiff {**2 Misc 3d at 631}was "injured when he fell from a ladder while he was gluing portions of a billboard advertisement which had begun to peel" (id. at 494). Upon reversing the order granting summary judgment in favor of defendant, the Appellate Division concluded that the "City did not establish, as a matter of law, that at the time of the accident, the injured plaintiff was engaged in routine maintenance of the billboard" (id.). Contrary to plaintiff's position, the facts in Gonzalez (supra) are sufficiently distinguishable from this case since, at the very least, Gonzalez was found to have been engaged in a repair.
Finally, the court notes that plaintiff does not oppose defendant's motion to dismiss plaintiff's Labor Law § 200 claim.
Based upon the foregoing, it is hereby ordered that defendant/third-party plaintiff DJZ Realty, LLC's motion for an order granting summary judgment in favor of DJZ dismissing the complaint is granted, and the alternative relief, an order granting contractual indemnification to defendant/third-party plaintiff DJZ Realty, LLC is denied as moot; and it is further ordered that, in light of the determination noted immediately above, the third-party complaint is hereby dismissed and the motion by third-party defendant Eller Media for summary judgment dismissing the third-party complaint on the grounds that defendant/third-party plaintiff failed to prove a prima facie case under the Workers' Compensation Reform Act of 1996 for a defense and indemnification is deemed moot; and it is further ordered that plaintiff's application, pursuant to CPLR 3212 (e) for summary judgment in favor of plaintiff and against defendant DJZ Realty, LLC is denied.