■ LARRY MUNOZ, Appellant, et al., Plaintiff, v DJZ REALTY, LLC, Defendant and Third-Party Plaintiff-Respondent. ELLER MEDIA, Third-Party Defendant. [789 NYS2d 526]—

In an action to recover damages for personal injuries, etc., the plaintiff Larry Munoz appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered December 10, 2003, as granted that branch of the defendant's motion which was for summary judgment dismissing his cause of action pursuant to Labor Law § 240 (1) and denied that branch of his cross motion which was for partial summary judgment on the issue of liability on that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant fell from a ladder as he was attempting to install a new poster over the face of a 12-foot by 24-foot billboard on the roof of the defendant's building. To reach the billboard, the appellant had to climb up a 28-foot ladder to the roof of the building, and from the roof, climb up a 14-foot ladder to a platform which ran the length of the billboard. The poster to be attached to the billboard was in three sections. If the paper broke while being installed, the appellant would have to scrape or pull off the pieces that were flagging.

As the appellant reached the roof 28 feet above ground level and attempted to set down his materials, he claims the ladder slid to the left and he fell to the ground. At issue here is whether the appellant was protected by Labor Law § 240 (1) which applies to elevation-related hazards incurred in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure."

As the Court of Appeals noted in *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280, 284-285) the purpose of Labor Law § 240 (1) is to protect workers from the dangers of working "at heights." Labor Law § 240 (1) is to be construed liberally to accomplish its legislative purpose which is the "protection of persons in gaining access to or working at sites where elevation poses a risk" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).

In *Joblon v Solow* (91 NY2d 457, 463 [1998]), the Court of

Appeals noted that "definition of particular terms within the statute continues to proliferate litigation" and "inconsistent results." The term "structure" has been defined by the Court of Appeals as "any production or piece of work artificially built up or composed of parts joined together in some definite manner" (*Caddy v Interborough Rapid Tr. Co.*, 195 NY 415, 420 [1909]; *see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]). The billboard in issue could be considered a structure (*see Smith v Shell Oil Co.*, 85 NY2d 1000 [1995]; *Lynch v City of New York*, 209 AD2d 590 [1994]) or part of the building to which it was annexed (*see Izrailev v Ficarra Furniture of Long Is.*, 70 NY2d 813 [1987]; *Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200 [2002]). In either case it is covered by Labor Law § 240 (1).

In *Joblon v Solow* (*supra* at 464-465) the Court of Appeals rejected suggested "bright-line" rules for defining the type of work to which Labor Law § 240 (1) applied in favor of a rule which would exclude "simple, routine activities" from the scope of the statute while "implement[ing] the legislative purpose of providing protection for workers." The term "altering" was defined as "making a *significant* physical change to the configuration or composition of the building or structure" as distinguished from "routine maintenance and decorative modifications" (*Joblon v Solow, supra* at 465).

In the order appealed from (*see Munoz v DJZ Realty*, 2 Misc 3d 627 [2003]), the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the appellant's cause of action pursuant to Labor Law § 240 (1), holding that, as a matter of law, the appellant's intended activity on the day of the accident did not constitute "altering" within the meaning of Labor Law § 240 (1), citing *Joblon v Solow* (*supra*) and *LaFontaine v Albany Mgt.* (257 AD2d 319 [1999]). The Appellate Division, Third Department, held in *LaFontaine v Albany Mgt.* (*supra*) that "wallpapering" an apartment was not covered by Labor Law § 240 (1) on the ground that "wallpapering" was not mentioned therein. The Supreme Court further found that the decision of this Court in *Gonzalez v City of New York* (269 AD2d 493 [2000]) "does not compel a contrary result."

In *Gonzalez v City of New York* (*supra* at 494) the injured plaintiff was injured when he fell from a ladder while "gluing portions of a billboard advertisement which had begun to peel." This Court reinstated his cause of action pursuant to Labor Law § 240 (1) on the ground that the defendant failed to establish, as a matter of law, that the injured plaintiff was engaged in

routine maintenance of the billboard as distinguished from a "repair." Similarly, the defendant in the instant case failed to establish, as a matter of law, that gluing a new bill on a billboard constituted routine maintenance as distinguished from an alteration within the meaning of Labor Law § 240 (1).

The question of whether an activity is routine maintenance not covered by Labor Law § 240 (1) as distinguished from a repair or alteration covered by Labor Law § 240 (1) is a question of degree which must be considered in light of the legislative purpose to protect against "risks related to elevation differentials" (*Rocovich v Consolidated Edison Co., supra* at 514). Standing on a step ladder to perform the periodic replacement of a plastic sign in a sign holder constitutes routine maintenance (*see Cook v Parish Land Co.*, 239 AD2d 956 [1997]). Similarly, standing on an eight-foot ladder to replace a light bulb on an illuminated sign constitutes routine maintenance (*see Smith v Shell Oil Co.*, 85 NY2d 1000 [1995], *supra*). However, replacement of a defective light fixture on a light pole 25- to 27-feet high constitutes a repair or alteration since the work involves "more than routine maintenance" (*Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906, 907 [1996]).

In an analogous situation, this Court has held that affixing a sign on the face of a building 18 feet above ground level constitutes an alteration covered by Labor Law § 240 (1) (*see Buckley v Radovich*, 211 AD2d 652 [1995]; *accord Vasquez v Skyline Constr. & Restoration Corp.*, 8 AD3d 473 [2004]; *Lawyer v Rotterdam Ventures*, 204 AD2d 878 [1994]). In *Lawyer v Rotterdam Ventures* (*supra* at 879) the Appellate Division, Third Department, determined that there was "little question" that the plaintiff's "activity at the time of the accident . . . is the type of work contemplated by Labor Law § 240 (1)" on the ground that "[t]he underlying facts show the scenario to be one particularly subject to the risks inherent in an elevated work site."

The activity of wallpapering an apartment, at issue in *LaFontaine v Albany Mgt.* (*supra*), is more properly characterized as routine maintenance and is not comparable to the activity engaged in here. It should be noted that the Court of Appeals has indicated that Labor Law § 240 (1) should not be applied to interior "domestic" activities (*see Connors v Boorstein*, 4 NY2d 172, 175 [1958]; *Rivers v Sauter*, 26 NY2d 260 [1970]). In *Connors v Boorstein* (*supra*), the Court of Appeals held that "cleaning" a storm window in a residential premises was not covered by Labor Law § 240 (1) notwithstanding the fact that "cleaning" was one of the enumerated activities in Labor Law § 240 (1). In *Rivers v Sauter* (*supra* at 263) the Court of Appeals noted

that the "painting of the outside of a house" is covered by Labor Law § 240 (1) since the holding in *Connors v Boorstein* (*supra*) "should apply only to truly domestic situations." Similarly, in the instant case, application of a poster to a billboard in an exterior setting 14 feet above the roof of a building 28-feet tall is distinguishable from wallpapering an apartment wall.

The appellant's remaining contentions are without merit (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003], *supra*; *Blair v Rosen-Michaels, Inc.*, 146 AD2d 863 [1989]).

We note that no notice of appeal was filed on behalf of the plaintiff Elizabeth Munoz or the defendant third-party plaintiff DJZ Realty, LLC. Further, the issues raised by the third-party defendant relating to the merits of the third-party complaint are not properly before this Court. S. Miller, Goldstein and Skelos, JJ., concur.

H. Miller, J.P., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum in which Crane, J., concurs: The injured plaintiff was employed by an outdoor advertising company to install advertising on the company's billboards. On the average, he installed eight billboards per day and each job took about one hour. At the time of his accident, he was about to place a prepasted paper advertisement on a billboard. The job would have been one of eight he was scheduled to do that day. The tools he would have used to make the installation, in addition to ladders, consisted of a pair of gloves and a 20-inch brush. The advertisement was broken down into a number of sheets and the installation would have entailed affixing the sheets onto the face of the billboard one by one, and then brushing each one out as the work progressed. He had done work at the same site 14 times, perhaps more, in the year prior to his accident, always working alone at that location.

It is true that Labor Law § 240 (1) is to be construed liberally, to effectuate its purpose (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520-521 [1985]). But that does not mean that every elevation-related activity falls within the statute's coverage. In particular, "the task in which an injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [internal quotation marks omitted]). Moreover, certain activities that do fall within the literal scope of some of the enumerated jobs, such as repairing and altering, may under certain circumstances be excluded from

coverage if they are of a routine nature (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003] [noting that "routine maintenance . . . is work that does not rise to the level of an enumerated term such as repairing or altering"]).

The injured plaintiff argues that the job he was to perform on the date of his accident was an "alteration" within the meaning of Labor Law § 240 (1). The Court of Appeals has cautioned against a broad construction of the statutory term "altering." For example, in *Cox v International Paper Co.* (234 AD2d 757 [1996]), the Appellate Division, Third Department, defined "alteration" as "change." *Cox* held that without a change in the subject building or structure, there has been no alteration, and thus no coverage under Labor Law § 240 (1). In *Joblon v Solow* (91 NY2d 457 [1998]), the Court of Appeals disapproved of that test, out of a concern that it would give Labor Law § 240 (1) "too broad a reach" (*id.* at 464). According to the Court of Appeals, the *Cox* interpretation logically leads to the conclusion that "all work related falls off ladders will fall within [the statute]" (*id.* at 464 [internal quotation marks omitted]). Further, equating the term "alteration" with "change" would render "superfluous" other statutory terms, such as "painting" and "pointing," which, as the Court noted, "could be read as changes to a structure" (*id.* at 465).

Accordingly, as the majority notes, *Joblon* opted, in effect, for a more *restrictive* definition of the term "altering." Coverage under Labor Law § 240 (1) based on an alteration of a building or structure requires "making a *significant* physical change to the configuration or composition" of the building or structure (*id.* at 465).

Naturally, what is "significant" is a matter of degree. As applied to the facts of this case, I do not see pasting pre-glued pieces of paper to a preexisting billboard as making a significant physical change to the configuration or composition of the subject structure. In fact, one could plausibly argue that those attributes of the structure are not changed at all when the poster it displays is changed. The billboard's outward appearance may significantly change the identity of the advertiser and its message, but its shape, dimensions, the matter composing its structure, the manner in which it is secured to the building on which it rests, the platform affording access to it, and the like are not changed at all (*cf. Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878 [2003], *supra* [constructing walls and leveling floors found to be significant physical change to building]; *Panek v County of Albany*, 99 NY2d 452, 458 [2003] [removal of two 200-pound air handlers requiring two days of labor in preparation,

"including the dismantling of electrical and plumbing components of cooling system," and requiring use of mechanical lift, constituted alteration]; *Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998] [running computer and telephone cable from existing computer room to newly-leased space to be used as telecommunications center, through holes punched in ceiling and pulling cable through "canals" that had been made in ceiling constituted alteration]; *Joblon v Solow, supra* [installation of wall clock in room, which required chiseling hole through concrete wall to run power supply cable from another room constituted alteration]). Rather, the activity here is more akin to "cosmetic maintenance" or "decorative modification" performed as a matter of routine, which has been held not to fall within the statute.

For example, in *LaFontaine v Albany Mgt.* (257 AD2d 319 [1999]), the Appellate Division, Third Department, refused to extend the coverage of Labor Law § 240 (1) to a worker injured while hanging wallpaper in a vacant apartment in an apartment complex. The worker was hired by the complex's property management company. The Third Department found that "wallpapering" is not among the enumerated, protected activities in the statute. Nor could it be subsumed under the enumerated term "altering." The Third Department held that the removal and replacement of wallpaper did not constitute a "significant physical change" to the composition or configuration of the apartment, and thus was not an alteration under *Joblon* (*id.* at 321). Rather, it was a "cosmetic maintenance or decorative modification that is routinely provided to a vacant apartment between tenancies" (*id.* at 322). Similarly, the changing of a billboard advertisement here was a routine modification performed in between the tenancies of clients who rented billboard space from the injured plaintiff's employer.

The majority indicates that *LaFontaine* is inapposite, as it involved "interior 'domestic' activities," a class of activities which *Connors v Boorstein* (4 NY2d 172 [1958]), purportedly held to fall outside the protection of Labor Law § 240 (1).

*Connors* actually involved the *exterior* cleaning of a private residence's storm window. The Court of Appeals held that the term "cleaning," as used in Labor Law § 240 (1), did not encompass "the cleaning of the windows of a private dwelling by a domestic" (*id.* at 175; *see Brown v Christopher St. Owners Corp.*, 87 NY2d 938 [1996] [worker hired by cooperative apartment owner for routine cleaning of five windows of cooperative apartment not covered by Labor Law § 240 (1)]). I do not understand *Connors* to have drawn a distinction between activi-

ties, otherwise covered under Labor Law § 240 (1), based on their performance inside, as opposed to outside, a building or structure. Further, *Connors* does not appear to have used the word "domestic" in order to carve out of the scope of Labor Law § 240 (1) elevation-related activities that take place inside private residences, be they single or multi-family, as the majority appears to do. The Court of Appeals appears to have used the term "domestic" simply to describe the injured employee, and the holding is limited. In *Rivers v Sauter* (26 NY2d 260 [1970]), the Court of Appeals held that the painting of the outside of a dwelling was covered by Labor Law § 240 (1). *Rivers* stated that the *Connors* limitation on the statute should apply only to "truly domestic situations," but it did not further describe what that meant. For those reasons, the majority's attempt to distinguish *LaFontaine* on the ground that it involved "interior 'domestic' activities" is not persuasive.

Further, the *Connors* court cited Labor Law § 202, which specifically applies to window cleaning at "public building[s]." The Court of Appeals refused to construe that term to include "dwellings," while at the same time noting that it had previously construed it to include apartment houses, the latter being a type of structure which the *Connors* court described as "far removed from the concept of a private house" (*Connors v Boorstein, supra* at 175, citing *Pollard v Trivia Bldg. Corp.*, 291 NY 19 [1943]). For this reason, even assuming all so-called interior "domestic" activities were excluded from the statute, *LaFontaine*, involving as it did an apartment complex, may not be distinguished as a domestic situation.

Other cases the majority cites are inapposite. *Vasquez v Skyline Constr. & Restoration Corp.* (8 AD3d 473 [2004]), *Buckley v Radovich* (211 AD2d 652 [1995]), and *Lawyer v Rotterdam Ventures* (204 AD2d 878 [1994]), all involved accidents that occurred while the injured plaintiffs were *erecting* signs on buildings, as opposed to pasting new posters over old ones on existing billboards. There was no discussion in those cases whether the activity constituted a significant alteration of an existing structure, in the *Joblon* sense. Indeed, two of those cases, *Buckley* and *Lawyer*, predate *Joblon*, and thus are of little, if any, help in resolving the issue presented here.

*Gonzalez v City of New York* (269 AD2d 493, 494 [2000]), cited by the majority, does not compel a different result. In that case, the injured plaintiff fell while "gluing portions of a billboard advertisement which had begun to peel." This Court held that it was not established, as a matter of law, that the injured plaintiff was engaged in routine maintenance, as opposed to

repair, and thus he was allowed to proceed with his Labor Law § 240 (1) cause of action. *Gonzalez* involved a repair, a different-enumerated activity than the one involved here. On the facts of that case, the movant did not make the showing necessary to demonstrate that the injured plaintiff was engaged in routine maintenance as a matter of law. That does not compel a finding that, at bar, the defendant failed to make a prima facie showing, on the facts the instant record presents, that the injured plaintiff was not about to make a *significant* change in the composition or configuration of the subject billboard at the time he fell. That issue simply was not presented in *Gonzalez.*

On this record, I am of the view that the defendant made a prima facie showing that the injured plaintiff was not about to make a *significant* change to the composition or configuration of the subject structure. No triable issue of fact was raised in opposition.

Accordingly, I would affirm the order insofar as appealed from. [*See* 2 Misc 3d 627.]