CUN-EN LIN et al., Respondents, v HOLY FAMILY MONU-MENTS et al., Appellants. [796 NYS2d 684]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated February 24, 2004, as denied their motion for summary judgment dismissing the causes of action to recover damages based on common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6), and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the causes of action to recover damages based on common-law negligence and violations of Labor Law §§ 200 and 241 (6), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The purpose of Labor Law § 240 (1) is to protect workers from elevation-related risks (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 284-285 [2003]; *Joblon v Solow*, 91 NY2d 457, 463 [1998]; *Munoz v DJZ Realty, LLC*, 15 AD3d 363, 364 [2005]). To establish liability under Labor Law § 240 (1), a plaintiff must set forth a violation of that statute, and that such violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 287-289; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]).

Contrary to the defendants' contention, the crane from which the injured plaintiffs fell was a "structure" within the meaning of Labor Law § 240 (1), as such equipment is viewed as "any production or piece of work artificially built up or composed of parts joined together in some definite manner" (*Caddy v Interborough R.T. Co.*, 195 NY 415, 420 [1909]; *see Joblon v Solow, supra* at 464; *Lewis-Moors v Contel of N.Y.*, 78 NY2d 942 [1991]; *Munoz v DJZ Realty, supra*). Further, as the injured plaintiffs fell from an elevated height while repairing the subject crane, the injured plaintiffs were engaged in a protected activity under the statute (*see generally* Labor Law § 240 [1]; *Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *Cook v Presbyterian Homes of W.N.Y.*, 234 AD2d 906, 907 [1996]).

The plaintiffs established their entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1). In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the plaintiffs' cross motion for summary judgment on the issue of liability on their cause of action to recover damages based on a violation of Labor Law § 240 (1).

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Russin v Picciano & Son*, 54 NY2d 311, 316-317 [1981]). However, there is no liability under the common law or Labor Law § 200 unless the owner or general contractor exercised supervision or control over the work performed (*see Comes v New York State Elec. & Gas Corp., supra* at 877; *Russin v Picciano & Son, supra* at 317; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 558 [2002]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). The defendants established their prima facie entitlement to summary judgment dismissing the causes of action alleging common law negligence and a violation of Labor Law § 200 by demonstrating that they did not exercise any supervision or control over the work being performed. As the plaintiffs failed to raise a triable issue of fact, the Supreme Court erred in denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages based on common-law negligence and a violation of Labor Law § 200.

Labor Law § 241 (6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp., supra* at 878; *see Rizzuto v L.A. Wenger*

*Contr. Co.*, 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Dickson v Fantis Foods*, 235 AD2d 452 [1997]). To recover on a cause of action alleging a Labor Law § 241 (6) violation, a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505).

The defendants' alleged violation of 12 NYCRR 23-1.5 did not provide a basis for liability under Labor Law § 241 (6), as such Industrial Code provision merely sets forth a general safety standard (*see Ferreira v Unico Serv. Corp.*, 262 AD2d 524, 525 [1999]; *Vernieri v Empire Realty Co.*, 219 AD2d 593, 598 [1995]).

In addition, the alleged violations of Occupational Safety and Health Administration (OSHA) standards did not provide a basis for liability under Labor Law § 241 (6) (*see Vernieri v Empire Realty Co., supra* at 598; *McGrath v Lake Tree Vil. Assoc.*, 216 AD2d 877 [1995]; *McSweeney v Rochester Gas & Elec. Corp.*, 216 AD2d 878 [1995]). Further, the alleged violations of 12 NYCRR 23-1.7, 23-1.16, and 23-1.21, are inapplicable to the facts of this case.

The defendants established their prima facie entitlement to summary judgment dismissing the cause of action alleging a Labor Law § 241 (6) violation, and the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted summary judgment to the defendants on that cause of action. Cozier, J.P., Luciano, Crane and Skelos, JJ., concur. [*See* 3 Misc 3d 618 (2004).]