OPINION OF THE COURT
Arlene P. Bluth, J.
The motion by plaintiff for summary judgment on the issue of liability pursuant to Labor Law §§ 241-a and 240 (1) and CPLR 3212 against defendants MEPT 5th Avenue, LLC and Lend Lease (US) Construction LMB Inc. is denied.
This action arises out of an injury allegedly suffered by plaintiff while he was working as a journeyman for Able Rigging Contractors on March 24, 2012 at a jobsite located at 309 Fifth Avenue, New York, New York. Plaintiff claims that he was inside of a torque tower mast section of a crane when he slipped on oil and fell through an opening that permitted workers to travel between the platforms of the crane.
Background
Plaintiff claims that the injury occurred while he was helping construct a tower crane at the construction site of a new 35-story residential/commercial building. Plaintiff asserts that March 24, 2012 was his first day at this jobsite and that he was given a harness and a lanyard. Plaintiff maintains that when he was climbing the internal ladder of the crane, he was unharnessed because the lanyard strapped to his harness was not long enough to reach the next section. Plaintiff alleges that in order to climb up the internal ladder, he had to unhook the *608 lanyard from the safety strap, tie it around his waist and hook it up to his harness. Once plaintiff would climb up to the next platform in the crane, he would step off and then hook the lanyard onto the safety strap. Plaintiff claims that the lanyard was only five or six feet long and the sections were 14 feet high with platforms in the middle. Plaintiffs expert asserts that the lanyard was seven feet long and the platforms were 13 feet high.
Before lunch on the day of the accident, plaintiff claims that he saw oil leaking onto the crane and most of the sections that were previously constructed. After lunch, plaintiff assisted his co-workers with tightening the bolts on each platform. Plaintiff alleges that each time he attempted to travel to a lower platform, he had to unhook his harness.
Plaintiff claims that while traveling down from the fifth platform, he unhooked his lanyard, unstrapped the harness and took two steps forward to grab a lock wrench. Plaintiff further alleges that he turned his right foot and slipped on the oil into the opening in the middle of the tower crane. Plaintiff asserts that when he fell, he struck a crossbeam on the way down and eventually landed on a crossbeam between the second and third platforms. Plaintiff asserts that he fell approximately 26 feet.
Plaintiff further claims that on the day of the accident, OSHA issued a violation against Able Rigging after inspecting the work site and the crane.
Discussion
To be entitled to the remedy of summary judgment, the moving party “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to [demonstrate the absence of] any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (id.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (Sosa v 46th St. Dev. LLC, 101 AD3d 490, 492 [1st Dept 2012]). Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557, 560, [1980]). The court’s task in deciding a summary judgment *609 motion is to determine whether there are bona fide issues of fact and not to delve into or resolve issues of credibility (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (Tronlone v Lac d’Amiante Du Quebec, 297 AD2d 528, 528-529 [1st Dept 2002], affd 99 NY2d 647 [2003]).
Plaintiff moves for summary judgment on liability under Labor Law §§ 240 (1) and 241-a. Plaintiff also asserts that defendant Lend Lease is liable because it functioned as a general contractor on the project, despite the agreement between MEPT and Lend Lease that referred to Lend Lease as “construction manager.”
Labor Law § 240 (1)
Labor Law § 240 (1) provides:
“All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
“[A]n accident alone does not establish a Labor Law § 240 (1) violation or causation” (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). “IT]he statute establishes absolute liability for a breach which proximately causes an injury” (id. [internal quotation marks and citation omitted]).
Plaintiff claims that Labor Law § 240 (1) applies in the instant action because work was being done on the erection of a 35-story residential/commercial building. Plaintiff further asserts that this provision applies because the safety harness and lanyard provided to plaintiff could not be used to tie off the workers when they were descending and ascending the tower crane’s ladder and there were no alternate means of attaching the lanyards to a safety rope or cable alongside the ladder.
In support of his motion, plaintiff submits the expert report of Herbert Heller. Mr. Heller claims that each section of the *610 tower crane was 13 feet high and that each platform was 13 feet apart vertically (affirmation of plaintiffs counsel, exhibit 13, ¶ 12). Mr. Heller further observes that in order to build the tower crane, workers would climb to the top of each section and bolt on the next section (id. ¶ 16). Mr. Heller further claims that workers were unable to utilize their safety devices when they were ascending or descending the ladder (id. ¶ 23). Mr. Heller concludes that the inability of the safety harnesses to protect plaintiff at all times led to the OSHA violation and shows that Labor Law § 240 (1) was violated (id. ¶ 31).
Plaintiff has met his prima facie burden for summary judgment. The burden now shifts to defendants to raise triable issues of fact.
In opposition, defendants maintain that the lock wrench that plaintiff picked up from the floor was 2V2 feet from the opening that he fell through. Defendants claim that plaintiff was provided with the required safety devices, including a harness and a lanyard. Defendants further claim that plaintiffs ability to ascend or descend the ladder is irrevelant because plaintiff was not ascending or descending the ladder when he slipped and fell through the hole. Defendants maintain that plaintiff never testified that the lanyard was not long enough for him to wear while picking up the wrench. Third-party defendant GSR Concrete Tov, LLC joins in defendants’ opposition and adds that plaintiffs motion is premature because the depositions of plaintiff’s employer and the tower crane owner have not occurred yet.
It is clear that the lanyard provided to plaintiff was not long enough to allow plaintiff to travel up and down the ladder on the inside of the crane. The fact that plaintiff was forced to unhook his safety devices in order to travel up and down the stairs evidences a violation of Labor Law § 240 (1). However, defendants have raised an issue of fact regarding whether the alleged violation of Labor Law § 240 (1) was a proximate cause of plaintiff’s accident.
Plaintiff stated that after assisting with tightening the bolts on the fifth section of the crane, he unhooked his lanyard and unstrapped his harness (plaintiff’s first deposition tr at 61, lines 9-22). Plaintiff then claims, “I took two steps forward, grabbed the lock wrench. I turned to my right to walk back towards the ladder, but as I was turning to step to the right, my foot slipped out on the oil. I fell to my right in the hole” (id. at 61, line 22 through 62, line 31). Plaintiff claims that he only *611 took one step after picking up the wrench before he slipped (id. at 62, lines 22-25).
A jury might find that plaintiff did not have to unhook himself to reach a wrench that was a few feet away, and therefore, the lanyard’s length was not a proximate cause of the fall that led to plaintiff’s injuries. Plaintiff’s testimony demonstrates that he took a total of three steps in pursuit of the wrench. Plaintiff did not claim that he had to unhook the lanyard and unstrap the harness in order to pick up the wrench. Although plaintiff would certainly have had to remove his safety equipment in order to travel down to the lower platform, plaintiff’s testimony does not indicate that he needed to move to a position outside the reach of the lanyard when he slipped and fell.
Labor Law § 241-a
Labor Law § 241-a provides:
“Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board.”
Plaintiff asserts that Labor Law § 241-a applies to the instant action because plaintiff was working in or at an internal hatchway. Specifically, plaintiff characterizes the crane’s internal ladder as the relevant internal hatchway. Plaintiff claims that there were no manhole covers or planking present in the tower crane, thereby creating a risk that a worker would fall into the opening created for the ladder.
In further support of this claim, plaintiff submits the affidavit of his expert, Herbert Heller, who claims that Labor Law § 241-a is applicable to the instant situation.
In opposition, defendants claim that this statute is inapplicable because a tower crane is not a building.
In reply, plaintiff contends that many courts have found that a crane is a building or structure under Labor Law § 240 (1), so this court must conclude that a tower crane is a building under Labor Law § 241-a.
Defendants’ contention is correct. Building is defined as “[a] structure with walls and a roof, esp. a permanent *612 structure” (Black’s Law Dictionary 234 [10th ed 2014]). A tower crane is plainly not a building under this definition or any other commonly held preconception about a building. Tower cranes assist with the construction of buildings or other structures and are removed once the job is complete. Tower cranes do not typically have walls or a roof.
The cases cited by plaintiff for the proposition that a crane is a building under Labor Law § 240 (1) support the claim that a crane is a structure rather than a building (see Spitzer v Atlantic-Heydt Corp., 12 Misc 3d 1183[A], 2006 NY Slip Op 51396[U], *3 [Sup Ct, Kings County 2006] [“the Second Department has held that a crane is a building or structure within the meaning of Section 240 (1)” (internal quotation marks omitted)]; Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801 [2d Dept 2005] [“the crane from which the injured plaintiffs fell was a ‘structure’ within the meaning of Labor Law § 240 (1)”]; Cornacchione v Clark Concrete Co., 278 AD2d 800, 801 [4th Dept 2000] [holding that a crane was a structure within the meaning of Labor Law § 240 (1)]; Imperio v City of New York, 14 Misc 3d 1231[A], 2007 NY Slip Op 50227[U], *3 [Sup Ct, Kings County 2007] [holding that a lamppost was a structure within the meaning of Labor Law § 240 (1)]).
Plaintiff’s argument conflates the terms “structure” and “building.” It is not inconsistent with New York’s Labor Law to hold that a crane is a structure under Labor Law § 240 (1), but not a building under Labor Law § 241-a. Therefore, plaintiff’s motion with respect to Labor Law § 241-a is denied.
Accordingly, it is hereby ordered that plaintiff’s motion for summary judgment on the issue of liability pursuant to Labor Law §§ 240 (1) and 241-a is denied.