[691 NYS2d 640]

Catherine LaFontaine et al., Appellants, v Albany Management, Inc., et al., Respondents.

Third Department, June 10, 1999

## APPEARANCES OF COUNSEL

*Charles R. Harding,* Glenville, for appellants.

*Friedman, Hirschen, Miller, Coughlin & Campito,* Schenectady (*Michael C. Rizzo* of counsel), for respondents.

## OPINION OF THE COURT

Spain, J.

Labor Law § 240 (1) imposes a nondelegable duty on owners

and contractors and their agents to furnish, or cause to be furnished, suitable safety devices to give proper protection to workers engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]) and, regardless of whether the owners or contractors actually exercise supervision or control over the work, they may be held absolutely liable in damages for any breach of that duty which proximately caused injury to a worker so engaged (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513; *Haimes v New York Tel. Co.*, 46 NY2d 132, 136-137). The novel issue presented on this appeal is whether the protective shield of this statute is applicable to a worker who fell from a stepladder while engaged in removing and replacing wallpaper in a vacant apartment, an issue which takes this Court once again into uncharted waters regarding the scope of Labor Law § 240 (1). Because the wallpapering, by itself, was neither an activity specifically listed in Labor Law § 240 (1) nor incidental and necessary to any of the enumerated activities, we conclude that it was not covered by this statute.

Plaintiff Catherine La Fontaine (hereinafter plaintiff), a self-employed wallpaper hanger, was hired by defendant Albany Management, Inc., a property management company, to remove and replace wallpaper in several rooms of a single, recently vacated apartment in an apartment complex located in the Town of Guilderland, Albany County. The apartment complex was owned by defendant American Heritage Realty Partnership. On August 28, 1995, while plaintiff was removing a piece of wallpaper from the bathroom wall of the vacant apartment, the three-step stepladder on which she was standing allegedly slid, causing her to fall and sustain multiple injuries. Thereafter, plaintiff and her husband, derivatively, commenced actions, later consolidated, against defendants alleging that they failed to erect or furnish a proper safety device in violation of Labor Law § 240 (1). Supreme Court granted defendants' motion for summary judgment, essentially concluding that wallpapering portions of one apartment was not within the ambit of Labor Law § 240 (1).

We affirm. We begin with the threshold proposition that the special statutory protection embodied in Labor Law § 240 (1) against the dangers of elevation-related hazards in the workplace only applies to workers who, at the time of the accident, are engaged in one of the statute's enumerated activities or engaged in work sufficiently necessary and incidental to one of the enumerated activities (*see, Joblon v Solow*, 91 NY2d

457, 465; *Lombardi v Stout*, 80 NY2d 290, 295-296; *Curley v Gateway Communications*, 250 AD2d 888; *Perchinsky v State of New York*, 232 AD2d 34, 38, *lv dismissed and denied* 91 NY2d 830). The inquiry focuses on the "type of work the plaintiff was performing at the time of injury" (*Joblon v Solow, supra*, at 465). The activities or lines of employment which the Legislature has expressly chosen to protect by this provision, some of which have been added over the last century, are "the erection, demolition, repairing, altering, painting, cleaning or pointing" of a building or structure (Labor Law § 240 [1]). Notably, wallpapering is not, and never has been explicitly among the enumerated protected activities, although plaintiffs argue that it should be subsumed under either "painting" or "altering". It is uncontroverted that, at the time of plaintiff's injury, there was no construction or other activity enumerated in Labor Law § 240 (1) underway at the apartment building, and that the wallpapering was not performed incidental to any other enumerated activity. Importantly, in construing this statute, we endeavor—as we should—to ascertain its "fair and reasonable meaning" and to avoid "a construction which either extends or limits its provisions beyond that which was evidently intended" (*Schapp v Bloomer*, 181 NY 125, 128; *see, Antes v Watkins*, 112 App Div 860, 864).

The Court of Appeals has recently pronounced that altering, as contemplated by Labor Law § 240 (1), "requires making a *significant* physical change to the configuration or composition of the building or structure * * * [and] excludes simple, routine activities" (*Joblon v Solow*, 91 NY2d 457, 465, *supra* [emphasis in original]; *accord, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960). In adopting this exacting interpretation, the Court rejected a broader meaning of altering that would allow all changes in structures to qualify as alterations, thereby rendering superfluous the statute's specifically enumerated activities (*see, Joblon v Solow, supra*, at 464-465 [rejecting interpretation of altering articulated in *Cox v International Paper Co.* (234 AD2d 757)]). Applying this rule to the facts herein presented, we are unable to conclude that removing and replacing wallpaper constitutes a significant physical change to the apartment's or to the apartment building's configuration or composition so as to fall within the statutory term altering (*cf., Joblon v Solow, supra*, at 465-466 [installing electric power supply]; *Weininger v Hagedorn & Co., supra*, at 960 [installing computer and telephone cables]).

Research reveals but one reported precedent at the trial level in which wallpapering was held to be a covered activity under

Labor Law § 240 (1), i.e., altering (*see, Katz v Press Mgt. Corp.*, 117 Misc 2d 870). That decision is materially distinguishable from this case in that the wallpapering therein was an integral part of a larger building construction project and, in any event, the case was decided without the guidance provided by *Joblon v Solow* (*supra*). In our view, the paperhanging activity in which plaintiff was engaged is the type of cosmetic maintenance or decorative modification that is routinely provided to a vacant apartment between tenancies which does not effect a "significant physical change" to the composition or configuration of the apartment and does not qualify as altering under this statute (*Joblon v Solow, supra*, at 465).

Further, while plaintiff's replacement of deteriorating or unsightly wallpaper may, in common terms, be viewed as a repair project, we cannot conclude that it constitutes repairing as contemplated by Labor Law § 240 (1) and the decisional law interpreting the parameters of that statutory term. It cannot be said that the existing wallpaper or walls behind it were broken, inoperable or not functioning properly; therefore, plaintiff was not engaged in repairing under Labor Law § 240 (1) (*see, Smith v Shell Oil Co.,* 85 NY2d 1000, 1002; *Izrailev v Ficara Furniture,* 70 NY2d 813, 815; *Carr v Perl Assocs.,* 201 AD2d 296, 297; *see also, Leubner v McNeil,* 261 AD2d 777; *Craft v Clark Trading Corp.,* 257 AD2d 886, 887; *Crossett v Schofell,* 256 AD2d 881; *Vernum v Zilka,* 241 AD2d 885; *Shapiro v ACG Equity Assocs.,* 233 AD2d 857; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592). Were we to conclude that every such modification to, or improvement of, a wall surface constitutes a repair we would "render superfluous such statutory terms as 'painting' and 'pointing' " (*Joblon v Solow, supra*, at 464-465), and our holding would be " ' "tantamount to a ruling that all work related falls off ladders fall within * * * Section 240" ' " (*id.,* at 464, quoting *Giambalvo v National R. R. Passenger Corp.,* 850 F Supp 166, 170). Thus, plaintiff was not engaged in repairing work within the meaning of Labor Law § 240 (1).[1]

Plaintiffs' other contention is that hanging wallpaper is sufficiently indistinguishable from the enumerated activity of

---

**1.** Likewise, while the term cleaning has been given an expansive interpretation, every ridding of extraneous material will certainly not qualify as cleaning under Labor Law § 240 (1) (*see, Vernum v Zilka, supra,* at 886) and, indeed, we conclude that the removal and replacement of wallpaper, by itself, may not be deemed cleaning under Labor Law § 240 (1).

painting and therefore should be subsumed under that activity. Notably, painting has explicitly received special statutory protection as an elevation-related hazard for over a century (*see, Schapp v Bloomer*, 181 NY 125, 128, *supra*; *Wingert v Krakauer*, 76 App Div 34, 40). Significantly, when the Legislature has seen fit, it has expressly added a new line of employment or category of protected work activity, as it did in 1930 when it added demolition to the list of protected activities (*see,* L 1930, ch 603, § 3; *see also, Connors v Boorstein*, 4 NY2d 172, 174), and in 1969, when it expanded liability to all contractors and owners and their agents (*see,* L 1969, ch 1108, § 1; *see also, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520; *Rocha v State of New York*, 45 AD2d 633, 635, *lv denied* 36 NY2d 642). Likewise, the Legislature has restricted the scope of Labor Law § 240 (1)—in recognition of the potentially harsh results of absolute liability—when it created an exception for owners of one- and two-family dwellings (*see,* L 1980, ch 670, § 1; *see also, Lombardi v Stout*, 80 NY2d 290, 296, *supra*; *Van Amerogen v Donnini*, 78 NY2d 880, 881-882). In our view, the Legislature has never made the policy determination to include wallpapering—wallpaper removal or hanging—among the enumerated activities to be absolutely protected. The suggested addition of a covered activity cannot be achieved under the guise of statutory construction.

In holding that wallpapering, by itself,[2] is not an activity covered under Labor Law § 240 (1), we are mindful that the purpose of this statute is to protect workers and to impose safety practices on those best situated to bear that responsibility, i.e., on owners and contractors and their agents, instead of on workers who are generally not in a position to protect themselves (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500, *supra*; *Zimmer v Chemung County Performing Arts, supra*, at 520; *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318). We are also aware that Labor Law § 240 (1) was aimed at elevation-related or gravity-related hazards (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 500-501; *see also, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562, *supra*; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514, *supra*); however, all work-related falls from elevated surfaces or safety devices do not fall within the ambit of Labor Law § 240 (1) (*see, Joblon v Solow*, 91 NY2d 457, 464, *supra*). The often repeated

---

**2.** We leave for another day the issue of whether wallpapering incidental to activities listed in Labor Law § 240 (1) is covered, and under what circumstances.

precept that Labor Law § 240 (1) is to be liberally construed is qualified by the requirement that the statutory construction " 'be for the accomplishment of the purpose for which it was * * * framed' " (*Koenig v Patrick Constr. Corp., supra,* at 319, quoting *Quigley v Thatcher,* 207 NY 66, 68; *see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500). While wallpapering apparently poses many of the same elevation-related hazards as painting or other activities enumerated in Labor Law § 240 (1), and, arguably, is no more a "decorative modification" than painting (*Joblon v Solow, supra,* at 465) and perhaps is not maintenance "of a sort *different from* 'painting, cleaning or pointing' " (*Smith v Shell Oil Co.,* 85 NY2d 1000, 1002, *supra* [emphasis supplied]; *see, Vernum v Zilka,* 241 AD2d 885, 886, *supra*), it is distinguishable in that it was never included among the activities which the Legislature has specifically elected to absolutely protect under Labor Law § 240 (1).

Thus, at least when it is not performed incidentally to or as a necessary and integral part of an enumerated activity, we are unable to conclude, under any rubric of statutory interpretation, that the risks associated with wallpapering were among the purposes for which this provision was framed (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Koenig v Patrick Constr. Corp., supra; Quigley v Thatcher, supra; see also, Martinez v City of New York,* 252 AD2d 545; *Lundquist v Ditmas Realty Co.,* 230 AD2d 830; *Karaktin v Gordon Hillside Corp.,* 143 AD2d 637). Simply stated, workers who perform wallpapering are not in an occupation for whose special benefit Labor Law § 240 (1) was designed to protect.

Furthermore, we believe that this interpretation comports with the precept that, because Labor Law § 240 (1) imposes absolute liability without regard to a worker's culpability, its language "should not be strained to encompass accidents which the Legislature did not intend to include" (*Perchinsky v State of New York,* 232 AD2d 34, 37-38, *supra,* citing *Allen v Hodorowski & DeSantis Bldg. Contrs.,* 220 AD2d 959, 960; *see also, Martinez v City of New York, supra; Karaktin v Gordon Hillside Corp., supra,* at 638; *Manente v Ropost, Inc.,* 136 AD2d 681, 682; *Chabot v Baer,* 82 AD2d 928, 929, *affd* 55 NY2d 844). Thus, while removing and replacing wallpaper is probably not "far removed from the risks associated with the construction, renovation, [painting,] demolition or alteration of a building" (*Perchinsky v State of New York, supra,* at 38), and is arguably not "maintenance of a sort different from * * * the * * * types of maintenance provided for in the statute", e.g., painting,

cleaning or pointing (*Smith v Shell Oil Co.*, 85 NY2d 1000, 1002, *supra*), it was not accorded the protection under Labor Law § 240 (1) which was conferred on these enumerated activities.

As a result, wallpapering in this context must be deemed a form of maintenance or decorative modification which falls outside the scope of Labor Law § 240 (1). While the numerous policy contentions for inclusion of wallpaper under this statute's protective umbrella are perhaps arguable, in our view they are better addressed to the Legislature and not the courts (*see, Joblon v Solow*, 91 NY2d 457, 465, n 2, *supra*). Consequently, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

CARDONA, P. J., MERCURE, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, without costs.