OPINION OF THE COURT
Leon Ruchelsman, J.
The plaintiff moves pursuant to CPLR 3212 for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The defendants oppose the motion and cross-moved for summary judgment. After reviewing the arguments of all parties this court now makes the following determination.
*792 Background
On November 27, 2001 the plaintiff Charles Loreto was working as a laborer for defendant 376 St. Johns Condominium, Inc. preparing the walls and applying wallpaper in the lobby and interior stairway of 376 St. Johns Place in Kings County. The plaintiff created a makeshift platform consisting of a metal crate and a piece of plywood where plaintiff rested a ladder, giving plaintiff access to greater heights near the top of the walls closest to the ceiling. The plaintiff had positioned the ladder, using the crate and plywood, on the fourteenth step between the second and third floor landings. The ladder then shifted causing plaintiff to fall approximately 20 feet. The plaintiff suffered injuries including fractures to both arms and partial permanent disability.
A lawsuit was commenced based on Labor Law violations. Plaintiff now moves for summary judgment arguing that his injuries resulted because the ladder he used was not secured and that adequate safety measures were noticeably absent. The defendant counters that summary judgment must be denied since the application of wallpaper is not one of the enumerated activities in the Labor Law statute and that, therefore, plaintiff is not entitled to the imposition of absolute liability upon defendant.
Conclusions of Law
Preliminarily, it must be pointed out that the errata sheets signed by plaintiff sufficiently provide reasons for the corrections and will be incorporated within the overall deposition of plaintiff (see, CPLR 3116 [a]; Cilio v Resjefal Corp., 295 AD2d 257 [1st Dept 2002]). Any credibility issues raised between the original deposition and the additions provided in the errata sheets should not be resolved on a motion for summary judgment, rather they should be resolved at trial (Binh v Bagland USA, 286 AD2d 613 [1st Dept 2001]).
Summary judgment may be granted where the movant establishes sufficient evidence which would compel the court to grant judgment in his or her favor as a matter of law (Zuckerman v City of New York, 49 NY2d 557 [1980]). Summary judgment would thus be appropriate where no right of action exists foreclosing the continuation of the lawsuit.
Labor Law § 240 (1) imposes absolute liability upon owners, contractors or their agents for injuries sustained by workers engaged in certain enumerated jobs which arise where the work site is elevated and elevation devices do not provide *793 proper protection, or materials above the worker are not properly secured or hoisted (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]; Haimes v New York Tel. Co., 46 NY2d 132 [1978]). It is undisputed that in this case the ladder was improperly secured and failed to adequately protect the plaintiff. The only issue which must be addressed is whether the plaintiff was a covered person engaged in an activity recognized by the Labor Law statute.
In LaFontaine v Albany Mgt. (257 AD2d 319 [3d Dept 1999]), the Court held that wallpaper hanging, by itself, is not a covered activity and a worker engaged in wallpapering may not utilize the strict liability determinations of the Labor Law statute. The Court specifically noted that it was reserving decision on whether wallpapering incidental to enumerated activities would be covered under the Labor Law.
In Joblon v Solow (91 NY2d 457, 465 [1998]), the Court ruled that “what type of work the plaintiff was performing at the time of injury” was the determining factor when evaluating the specific work covered under the Labor Law. Therefore, if the actual work being performed is “altering” or “demolition” or “painting” then such activity would be covered under the Labor Law.
Subsequent cases interpreting Joblon did not apply that rule rigidly, rather incorporated other incidental works within the framework of covered activities under the Labor Law. Therefore, in Mannes v Kamber Mgt. (284 AD2d 310 [2d Dept 2001]), the Court held that injuries which a worker sustained when he fell from a ladder while taking preliminary measurements of an enclosed area above a cooler for an impending job were covered under the Labor Law. While taking measurements is not, standing alone, a covered activity, nevertheless, these measurements were the preliminary stages necessary for a refrigeration project which consisted of alterations to the building including placing pipes through existing walls and the erection of an addition adjacent to the current building. The Court concluded that since plaintiff was hired to perform these alterations which are indisputably covered activities, the act of measuring the area was likewise covered under the Labor Law (see also, Martin v Back O’Beyond, 198 AD2d 479 [2d Dept 1993] [where the Court held that measuring windows was a necessary prerequisite for window screen manufacture and hence an injury which resulted while measuring was covered under the Labor Law]). Similarly, in Leubner v McNeil (261 AD2d 777 [3d Dept 1999]), the Court held that a plaintiff who *794 had removed a ceiling tile to inspect insulation for possible drafts and was injured when a lighting fixture fell on him was covered under the Labor Law. The Court noted that plaintiff’s assigned job of attempting to correct a drafty condition was not mere maintenance but repair of improperly or inadequately installed insulation. The Court concluded (at 778) that at the time of the injury the plaintiff was “ascertaining the scope of the repair work required by his assignment.” The plaintiff was not engaged in any specific repair work at the time of the injury but the preliminary work engaged was significantly connected and associated to cover the plaintiff under the Labor Law. Again, in Van Buskirk v State of New York (303 AD2d 970, 971 [4th Dept 2003]), the Court held that an employee of plaintiff who was injured while merely inspecting the work site was covered since the inspection was “necessary and incidental to the construction of the [building],” even though ordinary inspection is clearly not a covered activity under the Labor Law (see, McMahon v HSM Packaging Corp., 302 AD2d 1012 [4th Dept 2003]).
However, where the activity engaged in at the time of the injury is not incidental or significantly connected to an enumerated activity then liability under the Labor Law will prove unavailing. Thus, in Fairchild v Servidone Corp. (288 AD2d 665 [3d Dept 2001]), the Court held the plaintiff’s injuries which occurred when he fell from a height while obtaining serial numbers from components of a machine were not covered under the Labor Law since such activity was not incidental to any protected or enumerated activity. Obtaining the serial numbers did not further the current construction project in any meaningful way, rather it provided the parties with such serial numbers in case replacement parts were needed. Moreover, in Adair v Bestek Light. & Staging Corp. (298 AD2d 153 [1st Dept 2002]), the Court rejected an argument that a stage worker who fell off a man-lift while adjusting lighting for an upcoming performance was engaged in any covered activity under the Labor Law. The Court noted that all construction work had been completed and, therefore, the work actually engaged could not be deemed incidental or in any way related to covered activity.
These cases reveal that whether or not specific activity is covered under the Labor Law is determined by the activity actually engaged in in relation to the overall job. The Court in LaFontaine (supra) held that, by itself, wallpapering is not a covered activity and absent any contrary ruling that decision is *795 binding on this court (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]). However, while the specific activity engaged in at the time of the injury was wallpapering, the context of that activity in this case reveals that it was far more significant and integral. Here, the wallpapering was the continuing and indeed the finishing stages of wall repair and painting, clearly covered activities within the Labor Law statute (De Oliveira v Little John’s Moving, 289 AD2d 108 [1st Dept 2001]). Moreover, without the wallpapering, the overall requirements of the job would remain incomplete and hence inadequate. Thus, the wallpapering was necessary and integral to complete the stated job and consequently plaintiff was engaged in protected activity under the Labor Law statute. Of course, this holding cannot be stretched to encompass, under the Labor Law, tangential associations with covered activities or minimal relations to the mandates of the statute. Thus, merely being injured at a work site without engaging in actual work (Keenan v Just Kids Learning Ctr., 297 AD2d 708 [2d Dept 2002]) or sustaining injury without a height differential (Kocurek v Home Depot, 286 AD2d 577 [1st Dept 2001]) would surely not satisfy the provisions of the Labor Law statute. Nor would wallpapering without the attendant and essential covered activities mentioned (LaFontaine, supra). However, where, as in this case, those integral activities are present and the entire job would be incomplete without the concluding wallpapering, then such wallpapering is a covered activity (see, Shapiro v ACG Equity Assoc., 233 AD2d 857 [4th Dept 1996] [where the Court held that repair of a door was covered since without the repair the door would not function properly]).
Therefore, since the plaintiff was engaged in covered work at the time of the accident and all the other elements of the Labor Law statute are satisfied, summary judgment in favor of plaintiff on the issue of liability is granted and the defendant’s cross motion for summary judgment is denied.