OPINION OF THE COURT
Mark M. Meddaugh, J.
The defendant applied to the court for an order vacating the note of issue and removing this action 'from the trial calendar. By stipulation submitted to the court on November 11, 2003, the plaintiff agreed to withdraw the note of issue, and the defendant withdrew its notice of motion to strike the note of issue.
The plaintiff filed an application for an order pursuant to CPLR 3212 seeking partial summary judgment in favor of the plaintiffs pursuant to Labor Law § 240 (1). The defendant cross-moved for an order granting summary ¡judgment to the defendant and a judgment dismissing all causes of action sounding in Labor Law, as well as any and all claims sounding in negligence.
By letter to the court dated December 2, 2003, the plaintiffs attorney, James E. Monroe, Esq., indicated that “to the extent that this record does not support the contention that defendant directed and controlled the performance of plaintiffs work, we will agree to withdraw our Labor Law § 200 claim.”
The plaintiffs motion seeks summary judgment on the issue of liability pursuant to Labor Law § 240 (1). At the time of the incident on August 31, 2000, the plaintiff John Vanderwiele was an employee of Liberty Pest Control, when the defendant contracted with Liberty Pest Control to perform extermination services at the defendant’s premises. On August 31, 2000, the plaintiff was applying pesticide to the upper roof of the premises, known as the Pakatan Lodge. The plaintiff required the use of two ladders, the first a 32-foot extension ladder to reach the porch roof, and a second 25-foot ladder to reach the dormers and upper roof of the premises. The plaintiff fell from an approximate height of 10 feet onto the porch roof, and injured his back.
The plaintiff first argues that the application of insecticide through the use of a “truck mounted power spray connected by high pressure hoses” falls within the definition of “cleaning” a *683 building pursuant to section 240 (1) of the Labor Law as defined by the Third Department in Vernum v Zilka (241 AD2d 885 [3d Dept 1997]; see also, Nephew v Barcomb, 260 AD2d 821 [3d Dept 1999]).
Section 240 (1) of the Labor Law which protects workers “against the dangers of elevation-related hazards in the workplace only applies to [those] workers who, at the time of the accident, are engaged in one of the statute’s enumerated activities or engaged in work sufficiently necessary and incidental to one of the enumerated activities” (LaFontaine v Albany Mgt., 257 AD2d 319, 320 [3d Dept 1999]). The activities specifically covered under Labor Law § 240 (1) include “the erection, demolition, repairing, altering, painting, cleaning or pointing of building or structure.” In LaFontaine v Albany Mgt. (supra at 321), the Court found that wallpapering was not subsumed under either painting or altering, and noted that a court’s construction and implementation of a statute should implement a “fair and reasonable meaning” of the statute and avoid “a construction which . . . extends ... its provisions beyond that which was evidently intended.”
The court finds, in the case at bar, that the application of pesticides is not subsumed under the activity of cleaning, and is not an activity covered under Labor Law § 240 (1).
The defendant contends, as an additional basis upon which to find that section 240 (1) of the Labor Law does not apply is the statutory exemption for owners of one- and two-family homes. The court finds that, if it had been determined herein that the plaintiff was involved in an activity covered under Labor Law § 240 (1), an issue of fact has been raised with regard to whether the defendant’s premises constitutes a one- or two-family home, and summary judgment is not being granted on that basis (Sheehan v Gong, 2 AD3d 166 [1st Dept 2003]; Stone v Altarac, 305 AD2d 849 [3d Dept 2003]).
The plaintiff’s motion for partial summary judgment is denied, and the defendant’s application for summary judgment dismissing the plaintiff’s Labor Law § 240 (1) claim is hereby granted.
The defendant also seeks summary judgment dismissing the plaintiffs Labor Law § 200 and common-law negligence cause of action. It is undisputed that, on August 31, 2000, the plaintiff was an employee of Liberty Pest Control Company. The defendant also argues, and it is unrefuted, that the plaintiff is unable to identify what, if anything, caused the ladder to shift.
*684 Section 200 of the Labor Law is a codification of the common-law duty to provide workers with a safe: work environment. “An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition” (Russin v Picciano & Son, 54 NY2d 311, 317 [1981]). In order for plaintiffs to prevail on their common-law negligence and Labor Law § 200 causes of action, they must establish that the landowner supervised or controlled the very manper or methods by which plaintiff did his work or that it exercised direct supervision and control over his work at the time of the accident (Shields v General Elec. Co., 3 AD3d 715 [3d Dept 2004]), or that the defendant had actual or constructive notice of a dangerous condition which caused the accident (Bonura v KWK Assoc., 2 AD3d 207 [1st Dept 2003]).
The defendant have established its entitlement to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action by establishing that there is no issue of triable fact concerning the lack of control and supervision of plaintiffs work, and since the plaintiff was unable to identify what caused the ladder to shift, no issue of triable fact was raised regarding defendant’s actual or constructive notice of any alleged dangerous condition (see Walker v Ekleco Co., 304 AD2d 752 [2d Dept 2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (Nobre v Nynex Corp., 2 AD3d 602 [2d Dept 2003]).
Accordingly, the defendant’s motion for summary judgment dismissing the plaintiffs Labor Law § 200 and common-law negligence causes of action is also hereby granted.
Finally, the defendant have moved for summary judgment dismissing the plaintiffs cause of action brought pursuant to Labor Law § 241 (6). Section 241 (6) of the Labor Law applies only to construction, demolition and excavation work. In the case at bar, the plaintiff was engaged in pesticide application, which would be considered routine maintenance work that was not construction, demolition or excavation within the meaning of Labor Law § 241 (6) at the time of his accident (Nagel v D & R Realty Corp., 99 NY2d 98 [2002]; Chavez v Katonah Mgt. Group, Inc., Co., 305 AD2d 358 [2d Dept 2003]).
Based upon the foregoing, the defendant’s motion for an order granting summary judgment dismissing all causes of action sounding in Labor Law, as well as any and all claims sounding in negligence, is hereby granted.
*685 Wherefore, it is hereby ordered that the plaintiff s complaint in the above-captioned action is dismissed and the clerk is directed to enter a judgment in accordance herewith.