■ JOHN L. VANDERWIELE et al., Appellants, v JANET F. STEIGLEHNER, Doing Business as PAKATAKAN LODGE, Respondent. [795 NYS2d 105]—

Rose, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered February 25, 2004 in Sullivan County, which granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff John L. Vanderwiele (hereinafter plaintiff) was employed by Liberty Pest Control, which had contracted with defendant to exterminate cluster flies that had infested its premises. In the course of spraying insecticide on the exterior of the building, he fell from a ladder and injured his back. Plaintiff

and his wife, derivatively, commenced this action alleging, among other things, a violation of Labor Law § 240 (1). Following completion of discovery, the parties moved for summary judgment. Supreme Court granted defendant's cross motion and dismissed the complaint, giving rise to this appeal.

Arguing that his equipment was similar to that used to power wash building surfaces and the objective of his work was to rid defendant's building of extraneous material, namely flies, plaintiffs contend that plaintiff's work was a form of commercial cleaning, an activity protected under Labor Law § 240 (1) (*see Vernum v Zilka*, 241 AD2d 885, 886 [1997]). We are unpersuaded. "The critical inquiry in determining coverage under the statute is 'what type of work the plaintiff was performing at the time of injury' " (*Panek v County of Albany*, 99 NY2d 452, 457 [2003], quoting *Joblon v Solow*, 91 NY2d 457, 465 [1998]). Here, there is no dispute that plaintiff was using power equipment to spray an insecticide on defendant's building rather than using the force of the spray or a cleaning solution to physically remove anything from the building's surface (*compare Vernum v Zilka, supra* at 885-886 [Labor Law applicable where worker had been removing snow and ice from the roof of a building]). It is clear that there was no larger cleaning project under way at defendant's building and the extermination work being performed by plaintiff was not incidental or necessary to any other activity enumerated in the statute (*see Joblon v Solow, supra*; *LaFontaine v Albany Mgt.*, 257 AD2d 319, 320-321 [1999], *lv denied* 94 NY2d 751 [1999]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 3 Misc 3d 681(2004).]