■ STEPHEN F. BRUMMER, Respondent, v NEW OPPORTUNITIES COMMUNITY HOUSING DEVELOPMENT CORPORATION, Appellant, and TOWN OF TONAWANDA, Respondent. NEW OPPORTUNITIES COMMUNITY HOUSING DEVELOPMENT CORPORATION, Third-Party Plaintiff, and TOWN OF TONAWANDA, Third-Party Plaintiff-Respondent, v WENDEL B. ANDERSON CONSTRUCTION Co., Third-Party Defendant-Appellant. [796 NYS2d 835]—

Appeals from an order of the Supreme Court, Erie County

(Eugene M. Fahey, J.), entered April 5, 2004. The order, among other things, granted that part of plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action against defendant New Opportunities Community Housing Development Corporation, granted the cross motion of defendant and third-party plaintiff Town of Tonawanda for summary judgment dismissing the complaint against it, and granted the motion of defendant and third-party plaintiff Town of Tonawanda for summary judgment on its contractual indemnification claim against third-party defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell approximately 21 feet to the ground while working on new housing construction. Supreme Court properly granted that part of plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action against defendant and third-party plaintiff New Opportunities Community Housing Development Corporation (New Opportunities). In support of his motion, plaintiff established that he was not provided with an adequate safety device to nail fascia board to the rafters and that the failure to provide any safety devices was a contributing cause of his fall (*see Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086 [2005]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). In opposition to the motion, New Opportunities and third-party defendant, Wendel B. Anderson Construction Co. (Anderson), failed to raise a triable issue "that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake*, 1 NY3d at 289 n 8). We agree with Anderson that its notice of appeal was sufficient to give notice that it was appealing from the entire order, including that part of the order granting the motion of defendant and third-party plaintiff Town of Tonawanda (Town) for summary judgment seeking a defense and indemnification from Anderson on the ground of contractual indemnification (*see* CPLR 5515 [1]). We agree with the Town, however, that Anderson raises no relevant contention regarding the issue of contractual indemnification. Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.