■ John J. Fumo, Jr., et al., Respondents, v NAB Construction Corporation, Appellant. [798 NYS2d 66]—

In an action to recover damages for personal injuries, etc., the

defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 1, 2004, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff John J. Fumo, Jr. (hereinafter the injured plaintiff), a field engineer and inspector, was injured when he fell from a ladder when it folded in half while he was descending it. The ladder was provided by the defendant, NAB Construction Corporation (hereinafter NAB), which was retained to replace a lane on the Tappan Zee Bridge. The injured plaintiff and his wife commenced an action alleging, inter alia, that NAB violated Labor Law § 240 (1) by failing to furnish appropriate safety devices to give the injured plaintiff proper protection. By order dated August 9, 2000, the Supreme Court denied NAB's motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1).

By decision and order dated December 24, 2001, this Court modified the Supreme Court's order by deleting the provision thereof granting the plaintiffs' cross motion for summary judgment and substituting therefor a provision denying the cross motion, and otherwise affirmed, finding that issues of fact existed with respect to whether NAB was a "contractor" under Labor Law § 240 (1) (*Fumo v NAB Constr. Corp.*, 289 AD2d 442, 443 [2001]). The Supreme Court granted NAB leave to conduct further discovery to resolve the issues identified by this Court and granted it leave to submit a motion for summary judgment dismissing the complaint. By order dated April 1, 2004, the Supreme Court, in pertinent part, denied NAB's motion for summary judgment, finding that it failed to establish its entitlement to judgment as a matter of law on any of the plaintiffs' causes of action, and that a question of fact remained as to NAB's status. NAB appeals.

Contrary to the Supreme Court's determination, NAB established its prima facie entitlement to summary judgment on the plaintiffs' Labor Law § 240 (1) cause of action by demonstrating that it neither contracted with the injured plaintiff's employer, nor had the authority to direct and control the inspection work of the injured plaintiff (*see Russin v Picciano & Son*, 54 NY2d 311, 318 [1981]; *Kehoe v Segal*, 272 AD2d 583, 584 [2000]; *D'Amico v New York Racing Assn.*, 203 AD2d 509, 511

[1994]; *Walsh v Sweet Assoc.*, 172 AD2d 111, 113 [1991]; *Nowak v Smith & Mahoney*, 110 AD2d 288, 290 [1985]). In response to this prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Furthermore, NAB met its initial burden on its motion for summary judgment on the plaintiffs' causes of action alleging violations of Labor Law § 200 and common-law negligence by demonstrating that it neither directed nor controlled the method or manner in which the injured plaintiff conducted his work, nor had notice that the ladder was in a dangerous condition (*see Gatto v Turano*, 6 AD3d 390 [2004]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). As the plaintiffs failed to raise a question of fact on these issues, the defendant was entitled to summary judgment.

Finally, the plaintiffs failed to allege specific violations of the Industrial Code, and correctly concede that their Labor Law § 241 (6) cause of action should be dismissed (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.