■ Steven Collins, Appellant, v William Shager, Individually and Doing Business as Robinson Hill Nursery & Mulch,

et al., Defendants, and CB Structures, Inc., et al., Respondents.
[809 NYS2d 716]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 7, 2005 in a personal injury action. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he fell off the roof of a barn that was being constructed on property owned by defendants William Shager and Luke Shager. William Shager had contracted with CB Structures, Inc., CB Structures, Inc. Producers of Conestoga Buildings and CB Structures, Inc., also known as Conestoga Buildings (collectively, defendants) to erect the barn, but defendants had subcontracted with plaintiff's employer to perform the actual construction. We agree with plaintiff that Supreme Court erred in denying his motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

Plaintiff established that his accident involved an elevation-related hazard within the meaning of Labor Law § 240 (1), and he further established that he was not provided with adequate safety devices and that the failure to provide him with adequate safety devices was a proximate cause of his fall (*see e.g. Brummer v New Opportunities Community Hous. Dev. Corp.*, 19 AD3d 1080 [2005]). Defendants' contention that the rope provided to plaintiff was an adequate safety device lacks merit (*see e.g. Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098 [2004]; *Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749, 749-750 [2003]), inasmuch as plaintiff established herein that the rope "was not adequate protection for the task at hand" (*Gardner v New York City Tr. Auth.*, 282 AD2d 430, 431 [2001]). Furthermore, Labor Law § 240 (1) requires that employees be provided with "appropriate safety devices" to protect them

from gravity-related risks (*Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 867 [2005]; *see Fumo v NAB Constr. Corp.*, 19 AD3d 446 [2005], *lv denied* 5 NY3d 713 [2005]). Plaintiff also established that the rope was not an appropriate safety device, and defendants failed to raise a triable issue of fact. Therefore, "the only inference to be drawn from the evidence is that a failure to provide appropriate protective devices is [a] proximate cause of the plaintiff's injuries" (*Weber v 1111 Park Ave. Realty Corp.*, 253 AD2d 376, 377 [1998]). Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.