■ KAREN A. SCHROEDER, Appellant, v KALENAK PAINTING & PAPERHANGING, INC., et al., Respondents. [811 NYS2d 240]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered February 25, 2005 in a personal injury action. The order, among other things, granted defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries she sustained when she fell from a ladder while wallpapering at an apartment complex owned by defendant Morris Massry. At the time of the accident, plaintiff was working as an independent subcontractor for defendant Kalenak Painting & Paperhanging, Inc. Plaintiff conceded in Supreme Court that she did not have a valid Labor Law § 200 claim or common-law negligence cause of action, and thus only her claims pursuant to Labor Law § 240 (1) and § 241 (6) are at issue on this appeal. We conclude that the court properly granted those parts of the respective motions of defendants for summary judgment dismissing those claims against them.

Contrary to plaintiff's contention, wallpapering is not a protected activity under Labor Law § 240 (1), and the court therefore properly granted those parts of defendants' motions seeking summary judgment dismissing that claim (*see LaFontaine v Albany Mgt.*, 257 AD2d 319 [1999], *lv denied* 94 NY2d 751 [1999]). We reject the contention of plaintiff that her activities were part of a larger repair project that falls within the ambit of Labor Law § 240 (1). The record establishes that, "[i]n fact, none of the activities enumerated in the statute was underway, and any future repair work would not even be conducted by . . . plaintiff's supervisor, but [instead would be conducted] by some other entity" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999]). The remainder of the work being performed was not, as plaintiff contends, an integral part of plaintiff's work, and it is therefore immaterial whether the remainder of the work falls within the ambit of Labor Law § 240 (1).

We further conclude that the court properly granted those parts of defendants' motions for summary judgment dismissing the Labor Law § 241 (6) claim. Defendants met their burden with respect thereto by establishing as a matter of law that any

alleged violation of a provision of the Industrial Code was not a proximate cause of plaintiff's injuries (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff's reliance upon the alleged violation of 12 NYCRR 23-1.21 (e) (3) is misplaced. Pursuant to that regulation, "[s]tanding stepladders shall be used only on firm, level footings" (*id.*). Although that regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235 [2005]), we conclude that plaintiff failed to raise an issue of fact whether the alleged failure to use the stepladder on "firm, level footings" within the meaning of that regulation was a proximate cause of the accident. Plaintiff contends that the ladder may have been placed on a piece of drywall in violation of the regulation, based on her discovery of that piece of drywall wedged into the foot of the ladder two weeks after the accident. That contention is mere speculation and thus is insufficient to defeat the motions (*see generally Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874 [2000]; *Anarumo v Terminal Constr. Corp.*, 143 AD2d 616, 617 [1988]).

All concur except Gorski and Green, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Gorski and Green, JJ. (dissenting in part). We respectfully dissent in part. Contrary to the view of the majority, we conclude that Supreme Court erred in granting those parts of the respective motions of defendants for summary judgment dismissing the Labor Law § 240 (1) claim against them, and we further conclude that the court should have granted plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1).

Plaintiff was an independent contractor hired to install wallpaper in the bathroom of an apartment located in a large apartment complex. Plaintiff testified at her deposition that the carpet had been removed and was rolled up against a wall in the apartment in which she was working. She further testified that extensive work was being performed in the kitchen, which was bare of appliances, and that certain parts of the apartment were in the process of being painted. According to plaintiff, there was paper, dirt and other debris strewn throughout the apartment. In the bathroom, the medicine cabinet was removed and there was a hole in the wall above the sink, where the medicine cabinet was to be installed. Plaintiff further testified that the walls of the bathroom had not been prepared for

wallpapering and that she was required to remove the remaining wallpaper by, among other methods, recutting the ceiling line. There were pieces of drywall and wallpaper on the bathroom floor, indicating that someone had begun to remove the wallpaper. Plaintiff was required to repair the walls with drywall mud in order to fill holes in the wall, and she was in the process of removing the old wallpaper when she allegedly fell from an unsecured ladder.

According to the deposition testimony of a representative of the owner of the apartment complex, the work being performed in the apartment in order to prepare it for re-leasing included painting certain doors, replacing the kitchen counter and floor, installing several new appliances, recarpeting the entire apartment and replacing the wallpaper in the bathroom.

We cannot agree with the majority that the work performed by plaintiff was not "part of a larger repair project that falls within the ambit of Labor Law § 240 (1)." We recognize that wallpapering is not an explicitly enumerated activity protected by Labor Law § 240 (1), but we disagree with the implicit conclusion of the majority that, pursuant to *LaFontaine v Albany Mgt.* (257 AD2d 319 [1999], *lv denied* 94 NY2d 751 [1999]), wallpapering is foreclosed from qualifying as a protected activity under the facts of this case. In *LaFontaine*, the Third Department wrote that "[i]t is uncontroverted that, at the time of plaintiff's injury, there was no construction or other activity enumerated in Labor Law § 240 (1) underway at the apartment building, and that the wallpapering was not performed incidental to any other enumerated activity" (*id.* at 321; *see also Vanderwiele v Steiglehner*, 17 AD3d 958, 959 [2005]). The Court in *LaFontaine* further wrote that, "at least when [wallpapering] is not performed incidentally to or as a necessary and integral part of an enumerated activity, we are unable to conclude . . . that the risks associated with wallpapering were among the purposes for which this provision was framed" (257 AD2d at 324). The Court also specifically noted that it would "leave for another day the issue of whether wallpapering incidental to activities listed in Labor Law § 240 (1) is covered, and under what circumstances" (257 AD2d at 324 n 2).

We further conclude that the decision in *Loreto v 376 St. Johns Condominium, Inc.* (15 AD3d 454 [2005]) provides additional support for our position. In that case, the plaintiff fell from a ladder while applying a wallpaper border to the upper portions of walls in the lobby and interior stairway of a building owned by one of the two defendants. The plaintiff's job duties therein included preparing the walls for application of the

wallpaper border by scraping and spackling the uneven surfaces and painting areas that were discolored or flaking (*see id.* at 455). The Second Department held that "[t]he scraping and painting performed by the plaintiff were protected activities under Labor Law § 240 (1) and need not have been incidental to the other listed activities, such as construction, repair, or alteration, to be covered" (*id.*). Plaintiff herein alleged that, on the day of her accident, her activities included scraping and wall repair in order to prepare the walls for the wallpaper. There is no evidence in the record to contradict that allegation.

We also disagree with the majority that the decision in *Martinez v City of New York* (93 NY2d 322 [1999]) requires dismissal of the claim pursuant to Labor Law § 240 (1). The injured plaintiff in *Martinez* was performing an investigatory inspection task that "was to terminate *prior* to the actual commencement of . . . asbestos removal work" (93 NY2d at 326 [emphasis added]). The Court of Appeals wrote in *Martinez* that "the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*id.*). That, in our view, is the precise context of the work being performed by plaintiff herein (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-883 [2003]). Plaintiff established that the wallpaper project was part of a larger repair and remodeling project and that the wallpapering assignment itself entailed the scraping and repair of the walls for the purpose of preparing them for wallpapering. We thus reach the inescapable conclusion that the activities in which plaintiff was engaged on the day of her accident fall within the ambit of Labor Law § 240 (1) as work involving repair or alteration and that the work being performed both in the bathroom and throughout the apartment was not merely cosmetic maintenance. In addition, there is no evidence in the record that plaintiff was afforded proper protection as required by Labor Law § 240 (1), and defendants failed to raise an issue of fact with respect thereto (*see Collins v Shager*, 26 AD3d 784 [2006]). Thus, we would modify the order by denying defendants' motions in part, reinstating the Labor Law § 240 (1) claim and granting plaintiff's cross motion. Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ. [*See* 6 Misc 3d 1013(A), 2005 NY Slip Op 50035(U) (2005).]