STEPHEN F. BRUMMER, Plaintiff, v TOWN OF TONAWANDA et al., Defendants. CHRISTOPHER A. SPENCE, P.C., Appellant; THE BARNES FIRM, P.C., Successor to CELLINO & BARNES, Respondent. [853 NYS2d 240]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 24, 2006. The order determined that Christopher A. Spence, P.C. was entitled to one third of the net attorney fees generated by the settlement of this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs and without prejudice to an application to Supreme Court, Erie County, within 30 days of the date of entry of the order of this Court, for clarification of any discrepancy between the dollar amount awarded to appellant and the amount of one third of the net attorney fees generated by the settlement of this action.

Memorandum: Appellant represented plaintiff in this personal injury action from its inception until the filing of a motion for partial summary judgment on plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action against defendants, Town of Tonawanda (Town) and New Opportunities Community Housing Development Corporation (New Opportunities). Plaintiff then discharged appellant and retained respondent to represent him. Supreme Court (Eugene M. Fahey, J.) granted that part of plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action against New Opportunities, and granted the cross motion of the Town for summary judgment dismissing the complaint against it. New Opportunities and third-party defendant each appealed from the order, which we affirmed (*Brummer v New Opportunities Community Hous. Dev. Corp.*, 19 AD3d 1080 [2005]). Plaintiff did not appeal from the order, and he ultimately obtained a settlement against New Opportunities for $1.75 million, negotiated by respondent.

By the motion that is the subject of this appeal, appellant moved, inter alia, to settle its attorney lien, and Supreme Court (Frederick J. Marshall, J.) determined that appellant was entitled to "$169,786.67, or one-third of the net [attorney] fees generated by the settlement of this action." We reject the contention of appellant that it is entitled to the entire fee because respondent allegedly committed legal malpractice when it did not appeal on plaintiff's behalf from that part of the order granting the cross motion of the Town and dismissing the complaint against it. Any claim that respondent committed malpractice is an issue to be determined in an action by plaintiff against respondent (*see generally Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 44-45 [1990]), and plaintiff, not appellant, would recover any amount awarded in such an action.

We note, however, that the court awarded appellant a specific dollar amount, characterized as "one-third of the net fees generated by the settlement of this action." Inasmuch as we are unable to resolve on the record before us appellant's contention that a discrepancy exists between the dollar amount awarded and the amount of one third of the net fees generated by the settlement, our affirmance is without prejudice to an application to Supreme Court, within 30 days of the date of entry of the order of this Court, for clarification of any such discrepancy. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.