# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**416**
**CA 16-01604**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

DAVID VIDEAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NRG ENERGY, INC., NRG HUNTLEY OPERATIONS, INC.,
AND HUNTLEY POWER, LLC, DEFENDANTS-RESPONDENTS.

---

KAMMHOLZ MESSINA, LLP, VICTOR (BRADLEY P. KAMMHOLZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA, LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Livingston County
(Dennis S. Cohen, A.J.), entered January 28, 2016. The order granted
defendants' motion for summary judgment dismissing plaintiff's
complaint and denied plaintiff's cross motion for partial summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the complaint with respect to the Labor Law § 240 (1)
claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries that he sustained when
he stepped on the midrail of a scaffold, began to fall, and grabbed
onto a pipe to stop his fall. At the time of the incident, he was
working for API Construction Services (API), which had been
subcontracted to perform insulation work on property allegedly owned
by defendants. The scaffold was supplied by another subcontractor,
Patton Construction (Patton), and only employees of Patton were
authorized to assemble, modify or adjust the scaffolds.

Defendants moved for summary judgment dismissing the complaint in
its entirety. Plaintiff opposed the motion only insofar as it sought
dismissal of the Labor Law §§ 240 (1) and 241 (6) claims, and cross-
moved for partial summary judgment on liability on the section 240 (1)
claim. Supreme Court granted defendants' motion in its entirety and
denied plaintiff's cross motion. We agree with plaintiff that the
court erred in granting that part of defendants' motion with respect
to the section 240 (1) claim, and we therefore modify the order
accordingly.

Contrary to defendants' contention, they failed to establish as a matter of law that plaintiff's actions were the sole proximate cause of the accident, i.e., that "plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40; *see Fazekas v Time Warner Cable, Inc.*, 132 AD3d 1401, 1403).

Defendants' submissions establish that, on the day of the accident, there were planks missing from the scaffold that plaintiff needed to use for his work, and the scaffold itself was too low for plaintiff to reach the area where he needed to work. Inasmuch as only Patton employees could modify the scaffolds, a request was made for the scaffold to be adjusted or modified for plaintiff's use. Several hours later, during plaintiff's afternoon break, he was informed that the scaffold was being modified. Upon returning to his work area following his break, plaintiff observed that a green tag had been placed on the scaffold, which meant that the scaffold was ready for use. When plaintiff climbed the scaffold, he realized that it was still too short to reach the area of his work, i.e., the scaffold was inadequate for the work plaintiff needed to perform. Although two of plaintiff's supervisors had directed him to wait until the required modifications could be performed, plaintiff testified during his deposition that a third supervisor subsequently told him, " 'It's got to be done. Get up there and get it done. Do what you have to do to get it done. . . Do whatever to get it done.' "

Inasmuch as a modification to the scaffold was required and could have taken hours to be performed, we conclude that there are triable issues of fact whether an adequate safety device was "readily available" for plaintiff's use (*Montgomery v Federal Express Corp.*, 4 NY3d 805, 806; *see Miro v Plaza Constr. Corp.*, 9 NY3d 948, 949; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555). Moreover, based on plaintiff's testimony describing the third supervisor's instructions, we conclude that there are triable issues of fact whether plaintiff chose "for no good reason" not to wait for the scaffold to be modified (*Cahill*, 4 NY3d at 40; *see DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 45-47). Although the third supervisor denied making such a comment, that denial merely establishes that neither party is entitled to summary judgment on the Labor Law § 240 (1) claim.

With respect to the dismissal of plaintiff's Labor Law § 241 (6) claim, we note that, in his bills of particulars, plaintiff asserted numerous violations of the Industrial Code (12 NYCRR 23-1.1 *et seq.*) in support of that claim. In opposition to defendants' motion, however, plaintiff relied on only sections 23-5.1 (e) (1), 23-5.1 (e) (5) and 23-5.1 (f). On this appeal, plaintiff contends that the court erred in dismissing the Labor Law § 241 (6) claim only insofar as it was based on the violation of sections 23-5.1 (e) (1) and (5). We thus conclude that plaintiff has abandoned any reliance on the sections cited in his bills of particulars, except for sections 23-5.1 (e) (1) and (5) "by failing to address them either in the motion court

or on appeal" (*Cardenas v One State St., LLC*, 68 AD3d 436, 438; *see Roosa v Cornell Real Prop. Servicing, Inc.*, 38 AD3d 1352, 1354; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to plaintiff's contention, the court properly dismissed his Labor Law § 241 (6) claim insofar as it was based on the alleged violations of 12 NYCRR 23-5.1 (e) (1) and (5) because defendants established as a matter of law that any alleged violation of those sections was not a proximate cause of plaintiff's accident (*see generally Schroeder v Kalenak Painting & Paperhanging, Inc.*, 27 AD3d 1097, 1099, *affd* 7 NY3d 797; *Carroll v County of Erie*, 48 AD3d 1076, 1077). Those Industrial Code sections concern the size and placement of planks on a scaffold, and plaintiff admitted at his deposition that his accident did not occur because of any problems with the planks on the scaffold. Rather, his accident occurred because the scaffold was not high enough to enable him to reach his work area. We thus conclude that, even if there are triable issues of fact whether planks were missing at the time the accident occurred, which would render those sections applicable to the facts of this case (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607), defendants established as a matter of law that plaintiff's accident did not result from any violation of those sections. Plaintiff, in opposition to the motion, failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court